# KOHL v. LEHLBACK.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

No. 650. Argued December 13, 1895. — Decided December 23, 1895.

In a petition for a writ of *habeas corpus*, verified by the petitioner's oath as required by Rev. Stat. § 754, facts duly alleged may be taken to be true, unless denied by the return or controlled by other evidence; but no allegation of fact in the petition can be assumed to be admitted, unless distinct and unambiguous.

General allegations in such a petition that the petitioner is detained in violation of the Constitution and laws of the United States or of the particular State, and is held without due process of law, are averments of conclusions of law, and not of matters of fact.

It is for the state court, having jurisdiction of the offence charged in a proceeding before it, and of the accused, to determine whether the indictment sufficiently charges the offence of murder in the first degree. *Bergemann* v. *Backer*, 157 U. S. 655, affirmed and applied.

Independently of constitutional or statutory provisions allowing it, an appeal to a higher court of a State from a judgment of conviction in a lower court is not a matter of absolute right; and as it may be accorded upon such terms as the State thinks proper, the refusal to grant a writ of error or to stay an execution does not warrant a Federal court to interfere in the prisoner's behalf by writ of *habeas corpus*.

When one of the jury by which a person accused of murder is convicted is an alien, and the accused takes no exception to his acting as a juror and makes no challenge, and on trial is convicted and sentenced, it is for

the state court to determine whether the verdict shall be set aside, since as the disqualification of alienage is only cause of challenge, which may be waived, either voluntarily, or through negligence, or through want of knowledge.

THIS was an appeal from an order of the Circuit Court of the United States for the District of New Jersey, entered May 16, 1895, denying a writ of *habeas corpus* on the petition of Henry Kohl therefor. Petitioner represented that he was indicted in the court of oyer and terminer and general jail delivery of Essex County, New Jersey, for the crime of murder, in December, 1894; that he moved to quash the indictment, which motion was denied, and an exception duly taken; that his trial commenced January 14 and ended January 25, 1895, in the rendition of a verdict of murder in the first degree; that on February 12 application was made for a new trial, and rule to show cause was granted and discharged February 14, 1895; that he was sentenced, February 21, to be hanged on March 21, 1895; and that he was unlawfully held in imprisonment by Herman Lehlback, sheriff of Essex County, by virtue of said sentence.

It was also averred that "Samuel Ader, a juror on the jury that convicted your petitioner, is not and never was a citizen of the United States of America;" and that petitioner was restrained of his liberty in violation of the Constitution and laws of the United States and of the State of New Jersey in that petitioner was indicted for an offence having no existence under the laws of New Jersey, which recognized no such crime as murder, the common law crime of murder having been divided by statute into two degrees, and the indictment not having distinctly set out the statutory crime.

Petitioner further showed that on the twenty-seventh day of February application for a writ of error was made to the Chancellor of New Jersey, which was denied, and "that an appeal had been duly taken from the order of the said chancellor to the Court of Errors and Appeals, where such appeals are reviewable, and said appeal is now pending in said Court of Errors and Appeals in the State of New Jersey." It was further represented that petitioner was entitled, and

desired, to have the verdict and all the proceedings on his trial, various objections and exceptions thereto having been made and taken, adjudicated by the highest courts of New Jersey; "that on the sixth day of April last past, your petitioner's counsel, in open court, in the said Essex oyer and terminer, in the presence of the prosecutor, presented a writ of error, signed by the clerk of the Supreme Court of New Jersey, sealed with the seal of said court, from the said Supreme Court to the said oyer and terminer; that the said court would not allow the writ, but permitted it to be filed with the clerk of said court. That said writ was presented under and by virtue of the act of 1881 of New Jersey. That the said act is valid and effectual; that the act of 1878 of New Jersey made writs of error writs of right in all cases;" and further, "that the presiding judge of the said oyer and terminer court has instructed the clerk of Essex County, who is the clerk of said oyer and terminer, not to furnish your petitioner's counsel with a copy of the record and proceedings in this case; that the Supreme Court of New Jersey has refused your petitioner a stay of execution, and your petitioner has exhausted all remedies in the state court."

The petition then assigned in repetition the several grounds, on which it was contended that the conviction was unlawful, to the effect that the indictment was insufficient; that petitioner had been denied by the State of New Jersey the equal protection of the laws; and that petitioner's conviction not only was in violation of the laws of New Jersey but of the Fourteenth Amendment of the Constitution of the United States, because not by due process of law. And it was further alleged that, under and by virtue of the sentence, the sheriff of Essex County threatened to execute the sentence of death on petitioner, May 16, to which time he had been reprieved.

*Mr. Arthur English* for appellant. *Mr. Thomas S. Henry* was on his brief.

*Mr. Elvin W. Crane* for appellee.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

In *Whitten* v. *Tomlinson*, *ante*, 231, the power vested in the courts and judges of the United States to grant writs of *habeas corpus* for the purpose of inquiring into the cause of the restraint of liberty of persons held in custody under state authority, in alleged violation of the Constitution, laws, or treaties of the United States, is considered, and the principles which should govern their action in the exercise of this power stated; and attention is there called to the necessary and settled rule that, " in a petition for a writ of *habeas corpus*, verified by the oath of the petitioner, as required by section 754 of the Revised Statutes, facts duly alleged may be taken to be true, unless denied by the return, or controlled by other evidence, but no allegation of fact in the petition can be assumed to be admitted, unless distinct and unambiguous; " and that " the general allegations in the petition, that the petitioner is detained in violation of the Constitution and laws of the United States, and of the constitution and laws of the particular State, and is held without due process of law, are averments of mere conclusions of law, and not of matters of fact. *Cuddy's case*, 131 U. S. 280, 286."

1. Having jurisdiction of the offence charged and of the accused, it was for the state courts to determine whether the indictment in this case sufficiently charged the crime of murder in the first degree. *Caldwell* v. *Texas*, 137 U. S. 692, 698; *Bergemann* v. *Backer*, 157 U. S. 655.

In the latter case, it was decided, in reference to a similar objection to the indictment to that made here, and upon an examination of the statutes and judicial decisions of the highest courts of New Jersey, that it could not be held that the accused was proceeded against under an indictment based upon statutes denying to him the equal protection of the laws, or that were inconsistent with due process of law, as prescribed by the Fourteenth Amendment to the Constitution. *Graves* v. *State*, 45 N. J. Law, 203; *S. C.* on appeal, 45 N. J. Law, 358; *Titus* v. *State*, 49 N. J. Law, 36. We do not deem it necessary to reconsider in this case the conclusion there reached.

2. In *McKane* v. *Durston*, 153 U. S. 684, we held that an appeal to a higher court from a judgment of conviction is not a matter of absolute right independently of constitutional or statutory provisions allowing it, and that a State may accord it to a person convicted of crime upon such terms as it thinks proper; and in *Bergemann* v. *Backer, supra,* that the refusal of the courts of New Jersey to grant a writ of error to a person convicted of murder, or to stay the execution of a sentence, will not itself warrant a court of the United States in interfering in his behalf by writ of *habeas corpus.*

Appellant insists that he has been denied the equal protection of the laws because he has been deprived of a writ of error for the review of the record and proceedings in his case in violation of the laws of New Jersey.

Section 83 of the Criminal Procedure Act of New Jersey, brought forward from section 13 of an act of March 6, 1795, (Paterson's Laws N. J. 162,) provided that " writs of error in all criminal cases not punishable with death, shall be considered as writs of right, and issue of course; and in criminal cases punishable with death, writs of error shall be considered as writs of grace, and shall not issue but by order of the chancellor for the time being, made upon motion or petition, notice whereof shall always be given to the attorney general or the prosecutor for the State." Revision of New Jersey, 283. By an act approved March 12, 1878, this section was amended so as to read: " Writs of error in all criminal cases shall be considered as writs of right and issue of course ; but in criminal cases punishable with death, writs of error shall be issued out of and returnable to the Court of Errors and Appeals alone, and shall be heard and determined at the term of said court next after the judgment of the court below, unless for good reasons the Court of Errors and Appeals shall continue the cause to any subsequent term." Supp. Rev. N. J. 209, 210.

In *Entries* v. *State,* 47 N. J. Law, 140, a writ of error under this act was dismissed by the Court of Errors and Appeals, the court holding that such a writ would not go directly from that court to the oyer and terminer, and that " the legislature cannot sanction such a proceeding, as it is one of the preroga-

tives of the Supreme Court to exercise, in the first instance, jurisdiction in such cases."

By an act of March 9, 1881, it was provided in the first section that "in case a writ of error shall be brought to remove any judgment rendered in any criminal action or proceeding, in any court of this State, and such writ of error shall be presented to such court, the said writ of error shall have the effect of staying all proceedings upon the said judgment, and upon the sentence which the court or any judge thereof may have pronounced against the person or persons obtaining and prosecuting the said writ of error, pending and during the prosecution of such writ of error;" and by the second section, that pending the prosecution of such writ of error, the court may require the party prosecuting the writ to give bail, "*provided*, that this section of this act shall not apply to capital cases." Supp. Rev. 210. And by an act passed May 9, 1894, it was provided that the entire record of the proceedings on the trial of any criminal cause might be returned by the plaintiff in error with the writ of error and form part thereof, and if it appeared from said record that the plaintiff in error had suffered manifest wrong or injury in the matters therein referred to, the appellate court might order a new trial. Laws of N. J. 1894, 246.

Clearly whether a writ of error in criminal cases punishable with death can or cannot be prosecuted under these various acts, unless allowed by the chancellor of the State under section 83 of the Criminal Procedure Act, and if so, under what circumstances and on what conditions, are matters for the state courts to determine. Petitioner alleged that an appeal from the chancellor's order refusing a writ of error was pending in the Court of Errors and Appeals, and also that a writ of error signed by the clerk of the Supreme Court of New Jersey and sealed with the seal of that court, from the Supreme Court to the oyer and terminer, had been presented to the latter court under the act of 1881, but that the court of oyer and terminer would not allow the writ and instructed its clerk not to furnish a copy of the record and proceedings. It is, however, averred that the Supreme Court had refused a stay

of execution, so that it would appear that if that court really issued a writ of error, it had either arrived at the conclusion that this was improvidently done or that for other reasons it could not be maintained.

And the petition set up no action by the Supreme Court to compel its writ to be respected and no effort on petitioner's part to procure such action, nor any effort to supply a copy of the record and proceedings. *Ableman* v. *Booth*, 21 How. 506, 512.

The averments in reference to this matter are so vague and indefinite that interference might well be declined for that reason. At all events, inasmuch as the right of review in an appellate court is purely a matter of state concern, we can neither anticipate nor overrule the action of the state courts in that regard, since a denial of the right altogether would constitute no violation of the Constitution of the United States. What petitioner asks us to do is to construe the laws of New Jersey for ourselves, hold that they give a writ of error to the Supreme Court, and discharge petitioner on the ground either that the courts of New Jersey have arrived at a different conclusion and denied the writ, or have granted it and refused to make it effectual. In either aspect, we are unable thus to revise the proceedings in those courts.

3. It is further contended that petitioner was denied due process of law and the equal protection of the laws in that one of the jurors by whom he was tried was an alien. The allegation of the petition is " that Samuel Ader, a juror on the jury that convicted your petitioner, is not and never was a citizen of the United States of America."

Nothing is said as to when this matter came to petitioner's knowledge, and for aught that appears, it may have been inquired into by the courts of New Jersey, and the fact determined to be otherwise than alleged, or the objection may have been raised after verdict and overruled because coming too late. The statute of New Jersey provides that every petit juror returned for the trial of any action of a criminal nature shall be a citizen of the State, and resident within the county from which he shall be taken, and above the age of twenty-

one and under the age of sixty-five years; and if any person, who is not so qualified, shall be summoned as a juror on a trial of any such action in any of the courts of the State, it shall be good cause of challenge to any such juror, "*provided*, that no exception to any such juror on account of his citizenship, or age, or any other legal disability, shall be allowed after he has been sworn or affirmed." Revision N. J. 532. This proviso is brought forward from an act of November 10, 1797, (Acts 22d Gen. Ass. N. J., 1797, 250). The constitution of New Jersey of 1776 provided that "the inestimable right of trial by jury shall remain confirmed as a part of the law of this colony, without repeal, forever." And the constitution of 1844 declares that "the right of trial by jury shall remain inviolate." It is urged that the above mentioned proviso, which has been part of the laws of New Jersey for nearly one hundred years, should now be held by this court contrary to the constitution of that State, although the courts of the State may have held it in this case in harmony therewith, and have certainly not pronounced it invalid.

The line of argument seems to be that by the common law as obtaining in New Jersey an alien was disqualified from serving on a jury; that the disqualification was absolute; that the common law could not be changed in that particular under the state constitution; that the proviso was, therefore, void; and that, if an alien sat upon a jury, the common law right of trial by jury would have been invaded. So far as the petition shows, this contention may have been disposed of adversely to petitioner by the state courts; and, moreover, we are of opinion that in itself it cannot be sustained as involving an infraction of the Constitution of the United States.

In *Hollingsworth* v. *Duane*, reported in Wallace C. C. Reports, 147, and also, but imperfectly, in 4 Dall. 353, it was held by the Circuit Court of the United States for the Eastern District of Pennsylvania, at October term, 1801, that alienage of a juror is cause of challenge, but it is not *per se* sufficient to set aside a verdict, and this whether the party complaining knew of the fact or not; and that this was the rule at common law as shown by authorities cited from the Year Books and otherwise.

In *Wassum* v. *Feeney*, 121 Mass. 93, the Supreme Judicial Court of Massachusetts held that: " A verdict will not be set aside because one of the jurors was an infant, where his name was on the list of jurors returned and empanelled, though the losing party did not know of the infancy until after the verdict." And Mr. Justice Gray, then Chief Justice of Massachusetts, delivering the opinion, said : " When a party has had an opportunity of challenge, no disqualification of a juror entitles him to a new trial after verdict. This convenient and necessary rule has been applied by this court, not only to a juror disqualified by interest or relation, *Jeffries* v. *Randall*, 14 Mass. 205 ; *Woodward* v. *Dean*, 113 Mass. 297; but, even in a capital case, to a juror who was not of the county or vicinage, as required by the Constitution. Declaration of Rights, art. 13; *Anon.*, cited by Jackson, J., in 1 Pick. 41, 42. The same rule has been applied by other courts to disqualification by reason of alienage, although not in fact known until after verdict. *Hollingsworth* v. *Duane*, 4 Dall. 353 ; *S. C.* Wall. C. C. 147; *State* v. *Quarrel*, 2 Bay, 150; *Presbury* v. *Commonwealth*, 9 Dana, 203; *The King* v. *Sutton*, 8 B. & C. 417; *S. C., nom., The King* v. *Despard*, 2 Man. & Ry. 406. In the *Case of the Chelsea Waterworks Co.*, 10 Exch. 731, Baron Parke said : ' In the case of a trial by jury *de medietate linguæ*, which by the 47th section of the jury act is expressly reserved to an alien, he may not know whether proper persons are on the jury ; yet if he was found guilty, and sentenced to death, the verdict would not be set aside because he was tried by improper persons, for he ought to have challenged them.' " See also the *Case of a Juryman*, 12 East, 231, note; *Hill* v. *Yates*, 12 East, 229.

The great weight of authority is to that effect,[1] though

---

[1] *Wharton's Case,* Yelv. 24; 1 Inst. 158 *a*; 21 Vin. Abr. 274, Trial; 2 Hale P. C. c. 36, 271; 2 Hawk. P. C. 568, 572; *Queen* v. *Hepburn*, 7 Cranch, 290; *Brewer* v. *Jacobs*, 22 Fed. Rep. 217; *Gillespie* v. *State*, 8 Yerger, 507; *Costly* v. *State*, 19 Ga. 614, 628; *Siller* v. *Cooper*, 4 Bibb, 90; *State* v. *Dunger*, 14 La. Ann. 461; *State* v. *Beeder*, 44 La. Ann. 1007; *Foreman* v. *Hunter*, 59 Iowa, 550; *State* v. *Patrick*, 3 Jones (N. C.), 443; *Brown* v. *State*, 52 Ala. 345; *Brown* v. *People*, 20 Col. 161; *State* v. *Jackson*, 27 Kans. 581, and cases there collected.

there are a few cases to the contrary. Thus in *Guykowski* v. *People*, 1 Scam. 476, it was held that a new trial should be granted because one of the jurors was an alien when sworn, of which fact the defendant was ignorant at the time; but in *Greenup* v. *Stoker*, 3 Gilm. 202, the Supreme Court of Illinois, through Purple, J., reluctantly concluded that it was not indispensable to hold that that case was not the law, but limited its application to capital cases; and in *Chase* v. *People*, 40 Illinois, 352, it was finally overruled. Mr. Justice Breese spoke for the court, and it was held that alienage in a juror was not a positive disqualification, but ground of exemption or of challenge, and nothing more.

It has been held that, under the constitution of New York, the defendant in a capital case cannot consent to be tried by less than a full jury of twelve men, *Cancemi* v. *People*, 18 N. Y. 128, and that, under the constitution of California, a law authorizing a change of the place of trial of a criminal action to another county than that where the crime was committed on application of the prosecution without defendant's consent, was invalid, *People* v. *Powell*, 87 California, 348; but in neither of these cases was it intimated that objection to individual jurors could not be waived by the accused or that trial by jury would be violated if persons who were open to challenge happened to be empanelled. The disqualification of alienage is cause of challenge *propter defectum*, on account of personal objection, and if, voluntarily, or through negligence, or want of knowledge, such objection fails to be insisted on, the conclusion that the judgment is thereby invalidated is wholly inadmissible. The defect is not fundamental as affecting the substantial rights of the accused, and the verdict is not void for want of power to render it. *United States* v. *Gale*, 109 U. S. 65, 72. Whether, where the defendant is without fault and may have been prejudiced, a new trial may not be granted on such a ground, is another question. That is not the inquiry here, but whether the law of New Jersey is invalid under the constitution of that State, and this judgment void because one of the jurors who tried petitioner may have been an alien. If, prior to the filing of the petition, the objection had been

brought before the state courts and overruled, we perceive no reason for declining to be bound by their view of the effect of the state constitution ; and if the matter had not been called to their attention, it does not appear why that should not have been, or should not now be, done.

In any view, we cannot hold, on this petition, that petitioner has been denied due process of law or that protection of the laws accorded to all others similarly situated.

The Circuit Court was right in declining by writ of *habeas corpus* to obstruct the ordinary administration of the criminal laws of New Jersey through the tribunals of that State, (*In re Wood,* 140 U. S. 278, 289,) and its order is

*Affirmed.*