## SHEWITZ v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 6, 1923.)

No. 3798.

**1. Criminal law ☞404(4)—Stolen articles held sufficiently identified to permit reception in evidence.**

In a prosecution for receiving stolen property belonging to the United States, testimony by an official of the federal Military Intelligence Bureau that the articles offered in evidence were the ones received from the police officers who made the arrest and testimony of the police officers that they removed such articles, and of the thieves who stole them, that they sold such articles to accused, *held* sufficient identification to permit their reception in evidence.

**2. Witnesses ☞355—Testimony of character witness, who stated he did not know much about accused, held properly excluded.**

Where accused's character witness, respecting accused's reputation for truth and veracity, stated that he had heard nothing bad about accused, but that he had not heard much about him, and that he had traded with him several times and found him all right, he wholly failed to qualify as a character witness, and his testimony was properly excluded.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Abraham Shewitz was convicted of knowingly receiving stolen property belonging to the United States, and he brings error. Affirmed.

Edward N. Barnard and Friedman & Meyers, all of Detroit, Mich., for plaintiff in error.

Earl J. Davis, U. S. Atty., of Detroit, Mich.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The plaintiff in error, Abraham Shewitz, was convicted on an indictment charging him with unlawfully, willfully, feloniously, and knowingly receiving and retaining in his possession, with intent to convert to his own use and gain, a quantity of copper and brass, the property of the United States, with knowledge that the same had been stolen by Lee Thompson and George Wimbush, said property being war material of the United States, then and there in the custody of the United States in the Detroit Copper & Brass Rolling Mills of Detroit. A motion for a new trial was overruled and sentence imposed.

[1] It is claimed on behalf of the plaintiff in error that the trial court erred in admitting in evidence certain pieces of brass and copper and certain testimony in connection therewith, for the reason that these pieces of brass and copper were not sufficiently identified by the witnesses. Upon this proposition it is unnecessary to review the evidence in detail. The government offered evidence tending to prove beyond a reasonable doubt that the copper and brass in the Detroit Copper & Brass Rolling Mills of Detroit were war materials, the property of the United States, then being cast into cartridge shells in the Detroit Copper & Brass Rolling Mills of Detroit, and that Wimbush and Thompson were working in these mills, one as a caster and the other as his helper. Both Wimbush and Thompson testified that, while working in

these mills in and about the casting of these cartridge shells, they stole, took, and carried away pieces of the material described and sold and delivered the same to Abraham Shewitz. There is also evidence tending to prove that the police officers making this arrest took possession of the identical pieces of this material that were sold and delivered by Wimbush and Thompson to Shewitz, and turned the same over to Mr. Frances, who was in charge of the Military Intelligence Bureau, and that Mr. Frances took possession and charge of the same. Mr. Frances testified that the pieces of copper and brass brought into court and offered in evidence were the identical pieces received by him from Officers Smith and Hastings. Regardless of the fact that these officers could not testify positively as to the identity of these pieces produced by Mr. Frances, further than that they were similar in appearance, the proof as to their identity was sufficient to authorize their admission in evidence.

[2] It is also insisted upon the part of the plaintiff in error that the court erred in excluding the testimony of H. Meyers who was called as a character witness. This witness was asked if he knew the general reputation of the defendant for truth and veracity in the community in which he resides, but, instead of answering this question by "Yes" or "No," the witness stated, "I didn't hear nothing about it; I don't know much about it." Upon being informed that he would have to answer the question "Yes" or "No," the witness replied:

"I am answering you according to my knowledge, and I will answer you according to my knowledge, that I didn't hear anything bad of him, but I didn't hear much about him. I have traded with him several times and I find him all right."

This witness wholly failed to qualify as a character witness. Unless it appeared by his preliminary examination that he had the opportunity to hear what, if anything, was said touching the defendant's reputation for truth and veracity by the people associating with Mr. Shewitz, or residing in the same community with him, then, of course, his answer that he had heard nothing bad about him was wholly worthless, nor was it competent for this witness to state that, in several trades that he had had with Mr. Shewitz, that he had found him all right.

A number of other exceptions were taken to the admission of evidence that, in the opinion of this court, are without merit.

For the reasons stated, the judgment of the District Court is affirmed.