## BUSH v. UNITED STATES. *

(Circuit Court of Appeals, Fifth Circuit. January 3, 1927.)

No. 4871.

1. **Poisons ⬤⇒4—Physician prescribing narcotic for other than bona fide patient, and not in course of professional treatment, is not protected by statutory exemption (Harrison Anti-Narcotic Act, § 2 [Comp. St. § 6287h]).**

Harrison Anti-Narcotic Act, § 2 (Comp. St. § 6287h), prohibiting sale of opium, except on written order, but exempting physicians dispensing drugs in the course of professional practice, does not protect physician writing prescription for one who is not a bona fide patient, and not in the course of professional treatment.

2. **Poisons ⬤⇒4—Violation of regulations facilitating collection of tax is offense, without showing government was deprived of revenue (Harrison Anti-Narcotic Act, as amended [Comp. St. §§ 6287g–6287r]).**

Under Harrison Anti-Narcotic Act, as amended (Comp. St. §§ 6287g–6287r), violation of regulations imposed by statute for purpose of facilitating collection of tax is an offense, and it is not necessary to show that the United States was actually deprived of revenue.

*Rehearing denied February 10, 1927.

3. **Poisons ⬤⇒9—Evidence held to show physician was not dispensing morphine in bona fide manner.**

Evidence *held* to show that defendant physician was not treating drug addicts and dispensing morphine in a bona fide manner in the usual course of his professional practice.

4. **Criminal law ⬤⇒923(9)—Denial of new trial for disqualification of juror held not abuse of discretion, in absence of objection before verdict.**

Objection to qualification of juror on ground that information had been lodged against him *held* too late, when first made after verdict, and denial of motion for new trial on such ground not abuse of discretion.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

A. R. Bush was convicted of unlawfully selling certain quantities of morphine (6 F. [2d] 303), and he brings error. Affirmed.

Judson M. Grimmet, of Shreveport, La. (B. F. Roberts, of Shreveport, La., on the brief), for plaintiff in error.

Philip H. Mecom, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La. (Frank O. Chavez, Asst. U. S. Atty., of Shreveport, La., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, hereafter called defendant, a duly licensed and registered physician, was convicted on five counts of an indictment, each charging him with unlawfully selling certain quantities of morphine to named persons, in violation of the Harrison Anti-Narcotic Act, as amended (Comp. St. §§ 6287g–6287r), by issuing prescriptions not in the course of his professional practice only, not to his patients, and not in pursuance of a written order on a form issued by the Commissioner of Internal Revenue. Defendant interposed a demurrer and motion to quash the indictment, and at the close of the evidence moved for an instructed verdict, all of which were overruled. Error is assigned thereto.

There was testimony tending to show that defendant lived at Bossier City, a small town across the Red river from Shreveport, La.; that number of known morphine addicts residing in Shreveport were in the habit of going to him every two or three days and procuring prescriptions for quantities of morphine, varying from 10 to 16 grains, enough to last more than one day, which prescriptions were in turn filled by druggists

in the city of Shreveport; that these addicts pretended to be suffering with painful diseases, and defendant usually wrote on the prescription the character of the disease they were supposed to be suffering from; that he usually received $1.50 for each prescription, although he testified that sometimes he gave them without charge, in order to relieve the sufferings of the addict. There was also the testimony of a number of physicians tending to show that morphine was not indicated as a cure for any of the diseases from which the addicts said they were suffering, although one dose might be prescribed to relieve acute pain. There was also some evidence from the addicts that the defendant made an examination of them each time he prescribed. The defendant testified that he always made an examination of the patient, but in most cases mere observation was sufficient to convince him of the affliction of the person procuring the prescription. It was further shown that over a period of about three months defendant had issued 1,320 prescriptions, aggregating 16,876 grains of morphine.

The court, in a clear and well-considered charge, which was not objected to, and in which he endeavored to analyze various recent decisions of the Supreme Court, in substance told the jury that a physician was permitted to prescribe narcotics in the course of his legitimate professional practice within the bounds of the reasonable standards of the medical profession; that he could prescribe for an addict having no other complaint than that of being addicted to the drug, so long as he prescribed only enough to relieve his suffering, and did not prescribe and put into the hands of the addict such large quantities as would permit him to go out and distribute it, so as to deprive the government of collecting the tax; and, further, that the main question for them to determine was whether the defendant did the acts charged in the course of his professional practice, within the standards of the medical profession as recognized and practiced by physicians generally, and had acted in good faith, or whether he had deviated from that, and resorted to a distribution of the drug in a manner so as to make it possible for those to whom the drug was distributed to sell it, and thereby deprive the government of revenue or defeat the collection of the tax.

Section 2 of the Harrison Anti-Narcotic Act (Comp. St. § 6287h) makes it unlawful for any person to sell, etc., any opium or coco leaves or their salts and derivatives, except in pursuance of a written order of the person to whom it is sold, on a form issued by the Commissioner of Internal Revenue, but exempts from its provisions the dispensing of the drugs by a physician, registered under the act, to a patient in the course of his professional practice. Defendant does not question either the sufficiency of the indictment or of the evidence adduced to support it, but contends that, as the statute is purely a revenue measure, it was necessary to show that the government was deprived of revenue by the acts of defendant in order to support a conviction; that otherwise the act would be unconstitutional as applied to him.

[1, 2] It has been repeatedly held that the provision exempting a physician does not protect him, if he dispenses the drug by writing a prescription for one who is not a bona fide patient, and it is not for the purpose of treating him in the course of his professional practice. In such case violation of the regulations imposed by the statute for the purpose of facilitating the collection of the tax is an offense, and it is not necessary to show that the United States was actually deprived of revenue. U. S. v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493; Webb v. U. S., 249 U. S. 96, 39 S. Ct. 217, 63 L. Ed. 497; Jin Fuey Moy v. U. S., 254 U. S. 189, 41 S. Ct. 98, 65 L. Ed. 214; U. S. v. Behrman, 258 U. S. 280, 42 S. Ct. 303, 66 L. Ed. 619; U. S. v. Balint, 258 U. S. 250, 42 S. Ct. 301, 66 L. Ed. 604; Doremus v. U. S. (C. C. A.) 262 F. 849, 13 A. L. R. 853; Dysart v. U. S. (C. C. A.) 270 F. 77; Barbot v. U. S. (C. C. A.) 273 F. 919.

Defendant relies, however, on the recent case of Linder v. U. S., 268 U. S. 5, 45 S. Ct. 446, 69 L. Ed. 819, 39 A. L. R. 229, and argues that under that authority a doctor may dispense as much morphine to an habitual user as he sees fit, merely to satisfy his craving for the drug, and without any intent to cure him of the habit. We think the Linder Case is in harmony with the cases above cited. What was decided in the Linder Case, so far as it is here applicable, is well stated in the syllabus. Briefly it is that a physician may give an addict moderate amounts of drugs for self-administration, if he does so in good faith and according to fair medical standards; but what constitutes bona fide medical practice depends upon the facts and circumstances of each case.

[3] As above shown, this question was left to the jury under the charge of the court, and we think properly. It could hardly be said that the defendant was treating the addicts and dispensing morphine in a bona fide man-

ner in the usual course of his professional practice, considering the evidence before the jury.

[4] After the verdict had been rendered, defendant discovered that one of the jurors was under indictment in a state court, which would make him ineligible under the law of Louisiana, and moved for a new trial on that ground, among others. It appears that an information was lodged against the juror in October, 1909, charging him with retailing intoxicating liquors without a license. When the jurors were sworn on their voir dire, the district attorney in substance asked them if any of them knew of any reason why he would not be a competent juror in the case, and this particular juror did not disclose that he was then under charges. Counsel for defendant did not ask any question that tended to elicit the information, and the juror was accepted. It is not shown that the juror was guilty of fraud, and it is doubtful that any objection would have been urged to his acceptance, had the defendant known of his ineligibility; but at any rate the objection came too late after verdict, and it was well within the discretion of the trial court to refuse a new trial.

Other errors assigned were not pressed in argument, and are without merit.

We find no error in the record.

Affirmed.