## ROUSH v. UNITED STATES.
### No. 5965.

Circuit Court of Appeals, Fifth Circuit.
Feb. 27, 1931.

C. J. Hardee and Wm. M. Gober, both of Tampa, Fla., for appellant.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

HUTCHESON, District Judge.

Appellant, having been convicted of unlawfully receiving and concealing, and unlawfully selling, morphine, appeals from the verdict and judgment.

In this court appellant urges only six assignments: Three question the admissibility in evidence, for want of identification, of the Government's Exhibit No. 1, the packages of morphine; two undertake to assign error upon the charge of the court as a whole, while the sixth complains of the overruling of appellant's motion in arrest of judgment, presenting that one of the jurors was a county commissioner, and under the laws of Florida disqualified to sit as a juror.

Of the case as a whole, it should be said that the evidence was not only ample to support the verdict of the jury, but no other verdict would really have been reasonable, and that the judge below, in a fair and comprehensive charge, submitted to the jury all of the issues legitimately arising in the case, including appellant's theory of entrapment. ▪ Taking up appellant's claimed errors in the light of this record, it is sufficient to say of the first three that the question of identification of the packages offered was an issue of fact for the jury.

The witnesses who offered their testimony on the point either did or did not, to the satisfaction of the jury, identify the cans of morphine analyzed as those taken from the possession of appellant. The whole matter was submitted to the jury, the jury decided against appellant, and that concludes the matter here, for there was ample evidence to sustain its finding. Friedman v. U. S. (C. C. A.) 13 F.(2d) 632; Shewitz v. U. S. (C. C. A.) 293 F. 581.

▪ The errors assigned to the charge are wholly without merit, both because of the fact that no exception was taken in the court below [Sarkisian v. U. S. (C. C. A.) 3 F. (2d) 599; Rosenthal v. U. S. (C. C. A.) 18

F.(2d) 24] and because not only are they too general to point out any particular error for review here, but an examination of the charge shows it to be a fair presentation of the issues arising on the evidence.

Nor is there greater merit in the assignment on the refusal of the motion in arrest.

▪ While it is true that the constitution of the jury, that is, for the purposes of inquiry and challenge in the federal court, should be as provided by the laws of the state where the cause is tried (Pointer v. U. S., 151 U. S. 396, 14 S. Ct. 410, 38 L. Ed. 208), it is settled law that after the jury is selected the trial proceeds with the incidents and consequences attached to it under the rules and practices prevailing in the federal rather than in the state courts, and that the effect upon the verdict of the presence on the jury of one disqualified by the laws of the state to sit as a juror will be determined in the federal courts in accordance with their own views of the law uncontrolled by the decisions of the local courts.

▪ While, therefore, it seems to have been decided in Florida that an objection merely propter defectum, such as the disqualification urged here, is cause for setting aside the verdict by motion in arrest in a criminal cause (Ladd v. State, 17 Fla. 215), that decision is not controlling here, for the general rule, including that in the federal courts, is almost universally to the contrary. Queenan v. Oklahoma, 190 U. S. 548, 23 S. Ct. 762, 47 L. Ed. 1175; Kohl v. Lehlback, 160 U. S. 293, 16 S. Ct. 304, 40 L. Ed. 432; Bush v. U. S. (C. C. A.) 16 F.(2d) 709; Strang v. U. S. (C. C. A. 5th Circuit) 45 F.(2d) 1006; Wassum v. Feeney, 121 Mass. 93, 23 Am. Rep. 258; Raub v. Carpenter, 187 U. S. 160, 23 S. Ct. 72, 47 L. Ed. 119; People v. Cosmo, 205 N. Y. 91, 98 N. E. 408, 39 L. R. A. (N. S.) 967; State v. Pickett, 103 Iowa, 714, 73 N. W. 346, 39 L. R. A. 302; Shirley v. State, 146 Ga. 9, 90 S. E. 277; Costly v. State, 19 Ga. 614; Queen v. Hepburn, 7 Cranch, 290, 3 L. Ed. 348; and State v. Harris (69 W. Va. 244, 71 S. E. 609, Ann. Cas. 1913A, 889), 50 L. R. A. (N. S.) 950, where the authorities on the question are fully collated and discussed.

The record showing no reversible error, the judgment is affirmed.