**GERTNER v. NEWRATH.**

No. 429.

Municipal Court of Appeals for the District of Columbia.

Nov. 14, 1946.

H. Max Ammerman, of Washington, D. C., for appellant.

Henry S. Snyder, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiff, a certified public accountant, sued for the value of auditing services rendered to defendant. Defendant disputed the claim on the ground that plaintiff had done more work than was authorized or necessary. He also questioned the reasonable value of the services. From a judgment for plaintiff defendant appeals.

Plaintiff's evidence showed that the work was performed by one Abrams who was no longer employed by him and who was not present at the trial. The work sheets of Abrams were offered in evidence. Defendant objected but the trial judge ruled such sheets were admissible as records made in the regular course of plaintiff's business and produced from plaintiff's files. He also admitted testimony of plaintiff that Abrams had worked on the audit at defendant's place of business a total of seven days, and testimony as to details of work performed by Abrams. This testimony was permitted to stand despite plaintiff's admission that he had no personal knowledge as to how long Abrams had worked on defendant's records.

We think the records were admissible. We recognize that there is some doubt whether they were admissible under the Federal Shop Book rule.[1] The trend is toward a liberal approach in deciding what are "records made in the regular course of any business," and to "follow the methods of ordinary business in assuming the validity, until discredited, of records daily accepted in commercial routine."[2] But despite this trend, certain definite tests and restrictions which we need not detail here, are found in the cases. See Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719; New York Life Ins. Co. v. Taylor, 79 U.S.App.D.C. 66, 147 F.2d 297; see also McWilliams v. Lewis, 75 U.S.App.D.C. 153, 125 F.2d 200. To indicate how some of the Federal

---

[1] Act of June 20, 1936, c. 640, sec. 1, 49 Stat. 1561, 28 U.S.C.A. § 695.

[2] United States v. Mortimer, 2 Cir., 118 F.2d 266, 270, certiorari denied 314 U.S. 616, 62 S.Ct. 58, 86 L.Ed. 496.

courts have ruled on the applicability of the Shop Book rule we are summarizing in the footnote below their holdings in somewhat similar situations.[3]

But we hold that whether the rule is applicable or not the records in this case were admissible as visual evidence of the work plaintiff (through his employee) had accomplished. They were just as clearly admissible as the handiwork of an artisan which might be shown to the court to demonstrate the work which had been performed.

But is should be noted that these records and papers contained no memorandum as to the length of time Abrams had devoted to the work, and that when plaintiff testified that Abrams had worked seven days he was not drawing on information contained in the records; he was admittedly repeating what Abrams had told him, out of the presence of defendant. This was hearsay and should have been excluded. The prejudicial nature of the evidence is emphasized by the fact that defendant testified that Abrams worked a total of only 2½ days.

Another contention made by defendant requires discussion. He charges that the trial judge erred in permitting a witness to testify as an expert as to the value of the services rendered. This witness, a public accountant (himself not a certified public accountant, but a member of a firm of certified public .accountants) testified that he had had fifteen years experience in accounting work and was familiar with the work involved in the preparation of such an audit. Defendant contended that the witness was not qualified as an expert; but the court permitted him to give his opinion. There was no error in the ruling. It seems to us that the experience of the witness qualified him to give an opinion on the question of value. Moreover, it has long been settled that the qualification of an expert witness is largely within the discretion of the trial court, and is not usually the subject of appellate review.[4]

On the sole ground of the improper admission of hearsay evidence a reversal should be ordered.

Reversed.

[3] Buckley v. Altheimer, 7 Cir., 152 F. 2d 502 (Lawyer's diary rejected because entries not made in the regular course of business); United States v. Moran, 2 Cir., 151 F.2d 661 (Memorandum of a telephone conversation admitted); Sheehan v. Municipal Light & Power Co., 2 Cir., 151 F.2d 65 (File copies of letters with office mark indicating originals had been mailed admitted as proof of mailing of the originals); Tucker v. Loew's Theatre & Realty Corporation, 2 Cir., 149 F.2d 677, 678 (Hospital record containing hearsay admitted); Hardison Seed Co. v. Jones, 6 Cir., 149 F.2d 252, 257 (Record of proceedings before an administrative tribunal admitted); Buckminster's Estate v. Commissioner of Internal Revenue, 2 Cir., 147 F.2d 331 (Hospital records admitted); Norwood v. Great American Indemnity Co., 3 Cir., 146 F.2d 797 (Hospital record of an autopsy report admitted to show cause of death); Schmeller v. United States, 6 Cir., 143 F.2d 544 (Papers taken from files excluded where no proof that they were made as memoranda or records); United States v. Feinberg, 2 Cir., 140 F.2d 592, 154 A.L.R. 272, certiorari denied 322 U.S. 726, 64 S.Ct. 943, 88 L. Ed. 1562 (Corporation records excluded where no proof that they were kept in the regular course of business); Pollack v. Metropolitan Life Ins. Co., 3 Cir., 138 F.2d 123 (Birth certificate admitted to show age of parents); United States v. Leathers, 2 Cir., 135 F.2d 507 (Airmail stamp admitted as having been affixed in the regular course of business); United States v. Quick, 3 Cir., 128 F. 2d 832 (Memoranda showing payments of protection money admitted); Reed v. Order of United Commercial Travelers, 2 Cir., 123 F.2d 252 (Hospital records containing a doctor's diagnosis that patient was under the influence of alcohol admitted); Hunter v. Derby Foods, 2 Cir., 110 F.2d 970, 133 A.L.R. 255 (Coroner's certificate admitted to show cause of death.)

[4] Raub v. Carpenter, 17 App.D.C. 505, affirmed 187 U.S. 159, 23 S.Ct. 72, 47 L. Ed. 119; Washington Railway & Electric Co. v. Clark, 46 App.D.C. 88; District of Columbia v. Chessin, 61 App.D. C. 260, 61 F.2d 523.