## FORD et al. v. UNITED STATES.

### No. 14159.

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1953.

John D. Marsh, Miami, Fla., for appellants.

Fred Botts, Asst. U. S. Atty., Miami, Fla., Herbert S. Phillips, U. S. Atty., Tampa, Fla., for appellee.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

Appealing from a conviction of perjury, appellants here assert that the trial court erred in overruling their motion for new trial, one ground of which was that it was discovered after verdict that one of the jurors who sat in the case had been twice previously convicted of felony and was therefore disqualified, his civil rights not having been restored. 28 U.S.C.A. § 1861; sections 40.01 and 40.07, Fla.Stat.Ann.

On *voir dire* examination, the juror in question was asked by the trial judge, along with the other jurors, whether he had ever been prosecuted for any offense other than a traffic violation, to which there was no audible response from any juror. The juror in question, however, did state that he knew of no reason why he could not try the case fairly.

The facts were that the juror in question had been twice previously convicted of felonies in Dade County, Florida. He had also been arrested some six times for offenses against the Miami municipal ordinances, other than for traffic offenses, of five of which he had been convicted. These facts were first discovered by appellants after verdict in this case. It is not shown that the juror was actually biased or prejudiced against the defendants. They stand upon the statutory disqualification growing out of the previous convictions of felony. They urge that by the inclusion of this juror upon the trial panel, they were deprived of a lawfully constituted jury, and should for that reason be awarded a new trial.

While previous conviction of a felony does not render the convicted person fundamentally incompetent to sit as a juror, it is a ground of challenge for cause, which the defendant may insist upon or waive, as he elects. If not seasonably exercised, the objection is waived. It is the right and duty of a defendant to discover on *voir dire* examination, or from other sources, whether a talesman is subject to disqualification for cause. Where the objection to a juror relates, not to actual prejudice or other fundamental incompetence, but to a statutory disqualification only, such disqualification is ordinarily waived by failure to assert it until after verdict, even though the facts which constitute the disqualification were not previously known to the defendants. The objection based upon the previous felony convictions comes too late after verdict, no actual bias or prejudice being shown. Spivey v. U. S., 5 Cir., 109 F.2d 181, text 186; Strang v. U. S., 5 Cir., 53 F.2d 820; Roush v. U. S., 5 Cir., 47 F.2d 444; Bush v. U. S., 5 Cir., 16 F.2d 709; Kohl v. Lchlback, 160 U.S. 293, text 302, 16 S.Ct. 304, 40 L.Ed. 432, text 435; Raub v. Carpenter,

302

187 U.S. 159, 23 S.Ct. 72, 47 L.Ed. 119; Frazier v. U. S., 335 U.S. 497, text 513, 69 S.Ct. 201, 93 L.Ed. 187, text 199; Morton v. Welch, 4 Cir., 162 F.2d 840; Queenan v. Territory of Oklahoma, 190 U.S. 548, 23 S.Ct. 762, 47 L.Ed. 1175.

While we determine the question according to federal law, we notice that the rule in Florida, where the case was tried, is the same as in the federal courts. Ex parte Sullivan, 155 Fla. 111, 19 So.2d 611; Denmark v. State, 43 Fla. 182, 31 So. 269; Gavin v. State, 42 Fla. 553, 29 So. 405; Webster v. State, 47 Fla. 108, 36 So. 584.

Appellants also assert that they were prejudiced because the juror falsely gave a negative answer to a question said to have been propounded by defense counsel on *voir dire* as to whether he had had any "unpleasant dealings" with any member of the police department. The contention is that having been arrested six times for municipal offenses he was necessarily prejudiced against policemen, and one of the defendants is a Miami policeman. But there is no sufficient proof in the record, as distinguished from mere recital, that such a question was propounded.

Affirmed.