Gabriel GOMEZ, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16063.

United States Court of Appeals
Fifth Circuit.

June 24, 1957.

Louis A. Sabatino, Miami, Fla., for appellant.

O. B. Cline, Jr., J. Edward Worton, Asst. U. S. Attys., Miami, Fla. for appellee.

James L. Guilmartin, U. S. Atty., Lavinia L. Redd, Sp. Asst. to the U. S. Atty., Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a conviction of appellant on several counts of an indictment charging a conspiracy to defraud and substantive acts of defrauding the United States by claiming money from the United States for lessons in a foreign language taught students under what is commonly known as the G.I. Bill.

The principal basis for the appeal is the action of the trial court in consolidating for trial two other indictments involving other acts and other actors in addition to one central figure who was named in all three indictments.

There was ample evidence to support the Government's charge that at the Miami branch of a foreign language school there had been widespread participation by manager, assistant manager, teachers and students in a scheme to overstate to the Veterans Administration the actual number of hours of teaching and the numbers of students enrolled and numbers of hours of instruction received by individual students. The fruits of such a scheme were manyfold. Managers of the school would receive compensation they were not en-

titled to, as well as kickbacks from teachers who participated in the fraud; the teachers would be paid for work not done and students would receive subsistence allowances they were not entitled to.

The particular indictment on which appellant was tried was based on his actions as a teacher in participating with the manager, Arango, and others in causing the false records to be prepared for submission to the Veterans Administration. The indictment charged many instances of naming certain students or fictitious students in whose names falsified attendance slips were made up.

The two other indictments, whose consolidation with the one naming Gomez is the principal basis of Gomez' appeal, each charged Arango and others (but not Gomez) with conspiring with a certain named student to cause him to falsify his attendance records as a result of which the student was paid by the Government certain sums for subsistence which he was not entitled to receive.

Appellant strongly urges that it was prejudicial error for the trial court to consolidate for trial the three indictments, in two of which he was not named as a defendant. He says that the accumulation of evidence in the two cases in which he was not a defendant prejudiced his defense in the case in which he was responding because of the danger of identifying him with acts proven against the others.

The rule of procedure under which the trial court acted, and which the Government here contends supports its action, provides:

> "The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

Fed.Rules Crim.Proc., Rule 13, 18 U.S.C.A.

It thus becomes necessary for us to determine whether the charges against Arango and the students could have been included as counts of the indictment against Arango and the teachers.

In the nature of the indictment against appellant there were three groups involved; the school management, the teachers and the students whose instruction was the thing actually paid for by the Government. Whenever a student claimed hours of instruction that he didn't receive this could be calculated to defraud the Government in two ways; first by padding the demand for tuition, and second by increasing the amount of subsistence. Clearly the connivances of the three groups would be helpful if not necessary for the successful operation of the scheme. The management could not safely claim excessive numbers of hours taught without cooperation of the teachers who certified to the false reports, and they could not safely make false reports of hours taught without cooperation of some of the students who were reported as the ultimate recipients of the fictitious periods of instruction.

Appellant has brought up to us the transcript of testimony of four witnesses who he says were called to testify in the cases of the student indictments. The caption shows that their testimony was in the case in which Gomez was on trial. However, assuming that they testified only in the other two trials that were consolidated with Gomez' trial, we find nothing in this testimony that would not have been admissible on the main trial. All four of the witnesses mentioned Gomez as a teacher or as being connected with the school. One of them testified that Gomez solicited the students' enrollment. All of their testimony related to the actual hours of instruction, and it was relevant to the Government's contention that the reports were padded.

We conclude that the charges against the students and management might well have been included in the in-

dictment against the teachers and management.

Nothing in the Supreme Court's decision in Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557, throws any light on our problem here. In the Kotteakos case the court held that whereas one conspiracy was charged involving many different acts, there were in fact eight different conspiracies. Here we say only that the charges of all three conspiracies could well have been included in a single indictment and the proof adduced as against the students could have been introduced against Gomez and his fellow conspirators on the teacher indictment if it had been tried separately. As was true in United States v. Samuel Dunkel & Co., 2 Cir., 184 F.2d 894, pursuant to the purpose alleged in the Gomez indictment different persons who participated in the conspiracy (here broken into three indictments) obtained and presented false claims to the Government. We think that, under the ruling of this Court in Kivette v. United States, 5 Cir., 230 F.2d 749, the two indictments that were consolidated with the Gomez or "teacher" indictment could well have been made the basis of separate counts in the latter, and thus rule 13 is satisfied.

 The only other basis for appeal asserted by appellant is that one of the jurors who heard the case was not a qualified juror under the Florida statutes. This is asserted to be so because the juror had lost his qualification as an elector and was not reinstated as an elector until after the trial started. Appellant cites no federal or Florida authority applicable to this situation. We think the contention is completely answered in Ford v. United States, 5 Cir., 201 F.2d 300, 301, where we said:

"* * * Where the objection to a juror relates, not to actual prejudice or other fundamental incompetence, but to a statutory disqualification only, such disqualification is ordinarily waived by failure to assert it until after verdict, even though the facts which constitute the dis-

qualification were not previously known to the defendants. The objection based upon the previous felony convictions comes too late after verdict, no actual bias or prejudice being shown. Spivey v. U. S., 5 Cir., 109 F.2d 181, text 186; Strang v. U. S., 5 Cir., 53 F.2d 820; Roush v. U. S. 5 Cir., 47 F.2d 444; Bush v. U. S., 5 Cir., 16 F.2d 709; Kohl v. Lehlback, 160 U.S. 293, text 302, 16 S.Ct. 304, 40 L.Ed. 432, text 435; Raub v. Carpenter, 187 U.S. 159, 23 S.Ct. 72, 47 L.Ed. 119; Frazier v. U. S., 335 U.S. 497, text 513, 69 S. Ct. 201, 93 L.Ed. 187, text 199; Morton v. Welch, 4 Cir., 162 F.2d 840; Queenan v. Territory of Oklahoma, 190 U.S. 548, 23 S.Ct. 762, 47 L.Ed. 1175."

Concluding as we do that the trial court did not abuse his discretion in consolidating the three cases for trial and that there is no merit in the second ground of error relied upon, the judgment must be affirmed.