[Civil No. 1183.   Filed March 27, 1911.]

[114 Pac. 557.]

## H. C. VINCENT, Defendant and Appellant, v. ALLEN SMITH, Plaintiff and Appellee.

1. JURY—CHALLENGE OF JURORS—GROUNDS—SURETY FOR COSTS.—Under Civil Code of 1901, paragraph 2823, one who is on plaintiff's cost bond is subject to challenge as a juror.

2. NEW TRIAL—CHALLENGES—WAIVER.—Where opportunity has been had to examine a juror as to his qualifications, and the juror has not concealed his disqualification by misleading or false answers, subsequent discovery of the disqualification does not warrant setting aside the verdict.

3. SAME—QUALIFICATION OF JURORS—CHALLENGES—DILIGENCE.—That a juror's name was not correctly put upon the jury list does not relieve the diligence required of a party to discover his disqualification.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for Yavapai County. Edward M. Doe, Judge. Affirmed.

The facts are stated in the opinion.

Reese M. Ling, for Appellant.

"Parties have a right to rely upon the sworn statement of a juror on his *voir dire* statement, and waive nothing by accepting a juror when he conceals his unfitness." *Heasley* v. *Nichols,* 38 Wash. 485, 80 Pac. 769. When a juror on his *voir dire* fails to disclose a material fact as to his relations to either of the parties in answer to questions adequate to elicit the same, the party asking the questions, if he and his attorneys are ignorant of the fact, is deprived of the benefit he should have derived from the examination, and is entitled to a new trial. *Tarpey* v. *Madsen,* 26 Utah, 294, 73 Pac. 411; *Rhodes* v. *State,* 128 Ind. 189, 25 Am. St. Rep. 429, 27 N. E. 866; *State* v. *Morgan,* 23 Utah, 212, 64 Pac. 356; *Territory* v. *Chartz,* 4 Ariz. 4, 32 Pac. 166. "The authorities are unanimous that it is the duty of the court to grant a new trial when the juror may have been examined as to his qualifica-

tions, and failed to disclose the facts which disqualified him.'' *People* v. *Plummer,* 9 Cal. 310; *Busick* v. *State,* 19 Ohio, 198. ''When a party wants to recover compensation for services done to promote the welfare of a family to which he belongs, the burden of proof that the work must be paid for rests on him. Services rendered a member of a family by another member of the family are presumably gratuitous.'' *Rose* v. *Mayes,* 139 Mo. App. 246, 122 S. W. 769; *McMorrow* v. *Dowell,* 116 Mo. App. 289, 90 S. W. 728; *Fry* v. *Fry,* 119 Mo. App. 476, 94 S. W. 990; *Cole* v. *Fitzgerald,* 132 Mo. App. 17, 111 S. W. 628.

Henry F. Ashurst and J. F. Wilson, for Appellee.

CAMPBELL, J.—One of the jurors in this case was upon the bond for costs of the plaintiff, and therefore subject to challenge. Rev. Stats. 1901, par. 2823. The affidavit of appellant, defendant below, filed with his motion for a new trial, states that the juror was returned upon the venire of jurors as J. F. Richards, while the bond was signed John T. Richards, and affiant had no knowledge that the juror and bondsman was the same person. The examination of the juror upon his *voir dire* is not before us, the reporter's transcript having, on motion, been stricken, because of failure to comply with the provisions of the statute, which enables a party to make such transcript a part of the record on appeal.

We must assume that the juror answered fully and fairly such questions as were put to him upon his *voir dire,* and, indeed, it is not contended by appellant that he did not do so. The rule is that where opportunity has been had to examine a juror as to his qualifications, and the juror has not concealed his disqualification by misleading or false answers, the subsequent discovery of the disqualification does not warrant the court in setting aside the verdict. Failure to interrogate and challenge the juror waives the disqualification. *Kohl* v. *Lehlback,* 160 U. S. 293, 16 Sup. Ct. 304, 40 L. Ed. 432; *Raub* v. *Carpenter,* 187 U. S. 159, 23 Sup. Ct. 72, 47 L. Ed. 119; *Wassum* v. *Feeney,* 121 Mass. 93, 23 Am. Rep. 258; 24 Cyc. 318, 319, and cases cited. Nor is the party relieved from the exercise of diligence by reason of the fact that the juror's

name was not correctly put upon the jury list.   *Morse* v. *Montana Ore-Purchasing Co.* (C. C.), 105 Fed. 337.

Upon the record as presented to us, we find no error, and therefore affirm the judgment of the district court.

KENT, C. J., and DOAN and LEWIS, JJ., concur.