639 P.2d 358

**The STATE of Arizona, Appellee,**

v.

**Angelo Figueroa BRAVO, Appellant.**

**No. 2 CA–CR 2261.**

Court of Appeals of Arizona,
Division 2.

Nov. 10, 1981.

Rehearing Denied Dec. 15, 1981.

Review Denied Jan. 12, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Clinton Liechty, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

Appellant was a defendant in two cases consolidated for trial. In the first case he was charged with aggravated assault with a dangerous instrument, a bar stool, committed March 8, 1980, upon Edward Mungia. The state also alleged that the offense was of a dangerous nature. In the second case the charges were criminal trespass and influencing a witness. There it was claimed that on May 12, 1980, he and another person attempted to dissuade the assault victim, Mungia, from testifying in the first case. The court granted appellant's motion for acquittal at the close of the state's evidence in the second case and the jury found the appellant guilty of aggravated assault.

On appeal the appellant presents four issues for our determination:

1) Was it reversible error to consolidate the two cases?

2) Should the trial court have excused for cause two jurors who said they would give more weight to the testimony of police officer witnesses?

3) Was the appellant entitled to an intoxication instruction?

4) Was the appellant deprived of effective assistance of counsel?

We find no error.

### Joinder

The appellant contends that the trial court erred in consolidating for trial the charge of aggravated assault with the charge of influencing a witness, the assault victim. We first note that appellant's trial counsel agreed to the joinder of the two cases. This stipulation amounts to a waiver of any error and the matter cannot now be considered on appeal. *State v. Acree*, 121 Ariz. 94, 588 P.2d 836 (1978). In any event, the joinder should have been permitted even over appellant's objection. The two offenses were connected together in their alleged commission. Rule 13.3(a)(2), Rules of Criminal Procedure, 17 A.R.S. The witness was the victim of the assault. The appellant and another went to see him on the very evening of appellant's arrest on the assault and his subsequent release pending trial. Evidence that a defendant attempted to influence the testimony of a witness against him tends to show a consciousness of guilt. The evidence would be admissible even without the subsequent charge. In *United States v. Bourassa*, 411 F.2d 69 (10th Cir. 1969), the court held charges of possessing and passing counterfeit coins were properly consolidated with "bail-jumping," where the defendant absconded prior to trial on the counterfeiting charges and this act gave rise to the "bail-jumping" charge. And in *Williams v. United States*, 265 F.2d 214 (9th Cir. 1959), the court approved the joinder of the crimes of statutory rape and obstructing justice. After being charged with the rape, the defendant induced the victim to repudiate the statement she had given the police. In stipulating to the joinder in the instant case, trial counsel was merely giving in to the inevitable ruling allowing the joinder.

### Jurors

The determination of whether to excuse a juror for cause is within the sound discretion of the trial court and should not be disturbed on appeal absent a clear showing of abuse. *State v. Reinhold*, 123 Ariz.

50, 567 P.2d 532 (1979). We find no such error here because we believe any bias or prejudice demonstrated on voir dire was waived. We make this finding even though appellant used two of his peremptory challenges to remove two biased jurors. *See State v. Munson*, 129 Ariz. 441, 631 P.2d 1099 (1981).

The relevant voir dire examination of the two veniremen went as follows:

"THE COURT: Is there any person who is employed as a law enforcement officer, or has a member of your close family or close friends who are employed in law enforcement?

All right.

Mr. Palmer?

MR. PALMER: I have a nephew that's with the Tucson Police.

THE COURT: All right, sir. Now if there were Tucson Police Department officers called as witnesses in this case, because of your nephew's employment, do you think it would cause you to place greater or less weight on the testimony of a Tucson Police Department officer than you might some normal, everyday witness off the street?

MR. PALMER: Blood's thicker than water.

THE COURT: In other words, what you're saying is, if I understand that, that because you have a nephew that's with the Tucson Police Department, you might tend to give a police officer's testimony more weight than you might someone else.

MR. PALMER: Yes, sir, I believe I would.

THE COURT: All right, sir.

·   ·   ·   ·   ·

THE COURT: The second row, we have Miss Selby.

MS. SELBY: I have a very close friend who's on the police department, and I mean I would try to be, you know, really fair, but I have a high respect for police officers.

THE COURT: All right. Let me pose a hypothetical question to you: Let's suppose that Police Officer A testifies, let's assume he's an eyewitness, and this is—I don't know anything about the case, so it's clearly a hypothetical— and he testifies that he saw X, Y and Z happen, and witness B, who is not with law enforcement, says that X, Y and Z did not happen, but rather, C, D and F; would you tend to give more credence and more testimony—more weight to the testimony of the police officer simply because he was a police officer?

MS. SELBY: Yes, sir.

THE COURT: All right, ma'am."

Neither the trial court nor the attorneys, who were permitted voir dire, asked any follow-up questions of these veniremen concerning this subject even though their responses were such that this was clearly indicated. Nothing in the record suggests in any way that the jurors were rehabilitated as in *State v. Brierly*, 109 Ariz. 310, 509 P.2d 203 (1973). *Brierly* involved the same voir dire examination. Our examination of this record discloses that the veniremen were not even asked generally if they had any reason to believe they could not be impartial. In *United States v. Baldwin*, 607 F.2d 1295 (1979), the Ninth Circuit Court of Appeals held that the trial court erred in refusing to ask if any prospective juror would give greater or lesser weight to the testimony of a law enforcement officer by reason of his or her position. And *State v. Bailey*, 605 P.2d 765 (Utah, 1980) holds that responses to this same question which were very similar to those of Mr. Palmer and Ms. Selby created an unrebutted inference of actual bias.

■ However, appellee responds that appellant's trial counsel failed to challenge the prospective jurors for cause and therefore cannot now urge this error on appeal. We agree. In both *Brierly* and *Bailey, supra*, trial counsel for the defendant challenged the veniremen for cause based upon their voir dire responses. Rule 18.4(b), Rules of Criminal Procedure, 17 A.R.S., provides as follows:

"When there is reasonable ground to believe that a juror cannot render a fair and impartial verdict, the court, on its

own initiative, or on motion of any party, shall excuse him from service in the case. A challenge for cause may be made at any time, but may be denied for failure of the party making it to exercise due diligence."

The second sentence of this rule clearly means that even though the answers of a venireman demonstrate that he cannot be fair and impartial, the challenge may be waived.

■ The record of this voir dire examination shows that appellant's counsel did challenge both of these prospective jurors for cause at a later point in the examination. The trial judge denied the challenge. From the context of the questioning at that time it is clear that the challenge was directed against the two prospective jurors for a different reason. Counsel cannot fail to apprise the trial court of the reason for his challenge and then later urge the denial as error. The court is not required to guess the reason or to act sua sponte, although it may do so.

### Intoxication

■■ The crime of assault can be committed by intentionally, knowingly or recklessly causing any physical injury to another person. A.R.S. § 13–1203(A)(1). Under A.R.S. § 13–1204 an assault is aggravated if committed under any one or more circumstances, one being the use of a dangerous instrument. In this case the evidence apparently believed by the jury was that appellant threw a bar stool at the victim. Assuming there was sufficient evidence of intoxication (the appellee disputes this) the jury could have considered that fact in determining whether he had the necessary culpable mental state of intentionally or knowingly committing the act. Cf. A.R.S. § 13–503, prior to amendment effective April 23, 1980. Where the necessary culpable mental state is "recklessly," his voluntary intoxication is not to be considered by the jury, and if he recklessly commits an assault even though intoxicated he is guilty of that crime. A.R.S. § 13–105(5)(c).

■ Thus in this case, if there were sufficient evidence of intoxication appellant would have been entitled to an instruction that the jury could consider such intoxication in deciding only whether he intentionally or knowingly caused physical injury to the victim. No such instruction was given or requested. Neither do we know which of the requisite culpable mental states was found by the jury, since only one form of guilty verdict was submitted. We do not believe that there is reversible error here because an intoxication instruction was not given. Unless the failure to give an instruction is fundamental error, the failure to request such instruction waives any error. State v. Arnett, 119 Ariz. 38, 579 P.2d 542 (1978); Rule 21.3(c), Rules of Criminal Procedure, 17 A.R.S.

Since the assault could have been committed recklessly, in which case intoxication would not be a consideration, we do not believe this was fundamental error, even if it would be otherwise. Further, the only direct evidence of intoxication was the testimony of one witness that appellant was "a little bit drunk."

### Ineffective Assistance of Counsel

■ This issue was heard on petition for post-conviction relief pending this appeal. The trial judge found that the representation of appellant by trial counsel was not so inept that the trial became a farce or sham. State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966). The trial judge also found, gratuitously, that the representation was, nevertheless, not reasonably competent and effective under the standard enunciated in Cooper v. Fitzharris, 586 F.2d 1325 (9th Cir. 1978) cert. den. 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979). The appellee asks us to reverse the latter finding. We decline to do so since that finding is not based upon the standard used in Arizona. We have reviewed the entire record in the light of appellant's arguments and find that it supports the trial court's conclusion that counsel's representation did not amount to a farce or sham. We go no further.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.