964 P.2d 487

**STATE of Arizona, Appellee,**

v.

**Julie Elizabeth EBERT, Appellant.**

**No. 1 CA–CR 97–0709.**

Court of Appeals of Arizona, Division 1, Department B.

July 30, 1998.

Grant Woods, Attorney General By Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Jack Roberts, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender By Louise Stark, Deputy Public Defender, Phoenix, for Appellant.

EHRLICH, Judge.

¶ 1   Julie Elizabeth Ebert ("defendant") appeals her conviction and sentence in Maricopa County Superior Court for possession of methamphetamine.   She asserts that, although she did not object below, the presence of a non-Maricopa County resident on her jury venire, against whom she exercised a peremptory challenge, deprived her of the right to exercise her full complement of peremptory   challenges,   mandating   reversal. We hold that the objection was waived and that there was no fundamental error.   A prospective juror's lack of statutory residency does not constitute bias or prejudice, and to exercise a peremptory challenge against such a venire member is not a detriment comparable to the exercise of a peremptory challenge   against   a   veniremember   who should have been excused by the trial court for cause.

*FACTS AND PROCEDURAL HISTORY*

¶ 2   The defendant was charged with possession of methamphetamine, a class four felony, and the case proceeded to trial in Maricopa County Superior Court.   In the course of jury selection, veniremember G.[1]

---

1.  We use the panelist's initial to protect his privacy.

disclosed that he was not a resident of Maricopa County but lived and worked in Pinal County. Neither counsel objected to G.'s non-resident status, and the trial court took no action *sua sponte* to excuse G., although it expressed surprise at his presence on the venire.

¶3 G. also informed the parties that he worked with law enforcement as a corrections officer. The defendant ultimately exercised a peremptory challenge to strike him.

¶4 The jury found the defendant guilty. The trial court suspended sentence and placed the defendant on probation for two years. It also ordered the defendant to complete 360 hours of community service and to pay a fine of $1000.

### DISCUSSION

¶5 Every juror must be a resident of the jurisdiction in which he is summoned to serve. ARIZ.REV.STAT. ANN. § 21–201.[2] G. expressly advised the parties and the trial court that he was not a resident of Maricopa County, the jurisdiction in which he had been called for jury duty. It was error, therefore, for the trial court not to excuse G.

¶6 Similarly, the defendant took no action to remove G. from the venire because of the statutory violation. Having failed to object, she argues now that, because the trial court had an independent obligation to remove G., its failure constitutes reversible error. We disagree.

#### 1. Waiver

¶7 The failure to object to a trial error generally constitutes waiver, absent fundamental error. *State v. Bible*, 175 Ariz. 549, 572, 858 P.2d 1152, 1175 (1993), *cert. denied*, 511 U.S. 1046, 114 S.Ct. 1578, 128 L.Ed.2d 221 (1994). A lapse regarding the statutory qualification of a juror is subject to a claim of waiver. *United States v. Gale*, 109 U.S. 65, 67, 3 S.Ct. 1, 27 L.Ed. 857 (1883)(finding waiver of basis for grand juror

disqualification on reason of statute disqualifying from service anyone who voluntarily took part in "the rebellion;" waiver applied "in cases where the objection does not go to the subversion of all the proceedings taken in impaneling and swearing the grand jury, but relates only to the qualification or disqualification of certain persons sworn upon the jury or excluded therefrom, or to mere irregularities in constituting the panel"); *Application of Williams*, 85 Ariz. 109, 333 P.2d 280 (1959) (finding waiver when no timely objection made to fact that too few potential jurors drawn, sworn and examined such that neither party could exercise the requisite number of peremptory challenges); *Vincent v. Smith*, 13 Ariz. 346, 347, 114 P. 557, 557 (1911)("The rule is that where opportunity has been had to examine a juror as to his qualifications, and the juror has not concealed his disqualification by misleading or false answers, the subsequent discovery of the disqualification does not warrant the court in setting aside the verdict. Failure to interrogate and challenge the juror waives the disqualification."); *State v. Marcham*, 160 Ariz. 52, 55, 770 P.2d 356, 359 (App.1988)(finding waiver of statutory basis for objection when defendant knew but failed to lodge objection to deaf juror who utilized interpreter during trial); *see Kohl v. Lehlback*, 160 U.S. 293, 302, 16 S.Ct. 304, 40 L.Ed. 432 (1895) (disqualification of juror as "alien," i.e., not United States citizen, "cause of challenge propter defectum, on account of personal objection, and, if voluntarily, or through negligence, or want of knowledge, such objection fails to be insisted on, the conclusion that the judgment is thereby invalidated is wholly inadmissible."); *State v. Bravo*, 131 Ariz. 168, 170–71, 639 P.2d 358, 360–61 (App.1981) (finding waiver of issue of juror bias because not timely raised when answers panelist gave during voir dire showed he could not be fair and impartial).

¶8 The trial court easily could have corrected the error had the defendant timely

---

2. The statute provides: "Every juror, grand and trial, shall be at least eighteen years of age and meet the following qualifications:
   1. Be a citizen of the United States.
   2. Be a resident of the jurisdiction in which he is summoned to serve.

3. Never have been convicted of a felony, unless the juror's civil rights have been restored.
   4. Is not currently adjudicated mentally incompetent or insane."

objected, which is the rationale behind the principle of waiver. *E.g., State v. Walton,* 159 Ariz. 571, 580–81, 769 P.2d 1017, 1026–27 (1989). And the nature of G.'s disqualification from service was not a question of "the subversion of all of the proceedings" but related "to mere irregularities in constituting the panel," *Gale,* 109 U.S. at 67, 3 S.Ct. 1, a topic suitable for the application of the waiver doctrine. *Id.; Vincent,* 13 Ariz. at 347, 114 P. at 557; *Marcham,* 160 Ariz. at 55, 770 P.2d at 359; *Bravo,* 131 Ariz. at 170–71, 639 P.2d at 360–61. Thus we conclude that, absent fundamental error, the failure to object to the non-resident status of a panelist waives the issue on appeal.[3]

*2. Fundamental Error*

■ ¶ 9 We find no fundamental error. Fundamental error goes to the very foundation of the case and takes from the defendant a right essential to her defense. *Bible,* 175 Ariz. at 572, 858 P.2d at 1175. It is error of such magnitude that the defendant cannot possibly have received a fair trial. *Id.* Such is not this case. Indeed, the defendant does not maintain that G.'s residence outside Maricopa County was a circumstance of such bias as to jeopardize the impartiality of the proceedings. Rather, she asserts that reversal is required because, having been forced to "waste" a peremptory challenge on a panelist who should not have been present on the venire, she had fewer peremptory strikes than had the prosecution. As such, the defendant contends, she was deprived of a "substantial right" and the due process of law.[4]

■ ¶ 10 First, the defendant's own failure to object, which she attributes either to

"ignorance, or a lapse in memory," caused G.'s disclosed non-resident status to pass unchallenged. We are unwilling to reward such inaction or to allow counsel to hold an error to himself until conviction and review. *See Jacob v. Miner,* 67 Ariz. 109, 113, 191 P.2d 734, 736–37 (1948)("Another factor enters into our ruling; i.e. the defendants by their affidavits establish that they knew of the [juror misconduct] now complained of before the trial of the case was concluded yet failed to report the same to the court. Evidently, they chose to gamble upon any effect the [juror misconduct] might have on a verdict, and after it was adverse for the first time in their motion for a new trial they apprised the court of the juror's misconduct in their effort to overturn the jury's verdict. Such laxness should not be rewarded."); *see also Northern Arizona Supply v. Stinson,* 73 Ariz. 109, 114, 238 P.2d 937, 940 (1952)(citing with approval *Jacob,* 67 Ariz. at 113, 191 P.2d at 736–37); *State v. Islas,* 132 Ariz. 590, 592, 647 P.2d 1188, 1190 (App.1982)("[A] party who ... contributes to an error cannot complain of it."); *State v. Mead,* 120 Ariz. 108, 111, 584 P.2d 572, 575 (App.1978)("[A party will not] be permitted to take advantage of an error which was a natural consequence of his own actions.").

¶ 11 Second and more to the point, regardless of the reason for G.'s continued presence on the venire, there was no fundamental error. In *Kohl,* 160 U.S. at 302, 16 S.Ct. 304, the United States Supreme Court, citing *Gale,* 109 U.S at 72, 3 S.Ct. 1, concluded in response to an argument involving a statutory-based disqualification of a juror that "[t]he defect is not fundamental as affecting the substantial rights of the accused,

---

**3.** In so holding, we join at least ten other states whose courts have found waiver under similar circumstances. *General Motors Corp. v. Hopper,* 681 So.2d 1373, 1373–74 (Ala.1996); *Kingsbury v. United States,* 520 A.2d 686, 689 (D.C.1987); *Vaughn v. State,* 173 Ga.App. 716, 327 S.E.2d 747, 749–50 (1985); *Sturrock v. State,* 229 Ind. 161, 96 N.E.2d 226, 227 (1951); *State v. Wainwright,* 190 Kan. 619, 376 P.2d 829, 831 (1962); *State v. Powers,* 613 S.W.2d 955, 957 (Mo.App. 1981); *McCall v. State,* 97 Nev. 514, 634 P.2d 1210, 1211 (1981); *People ex rel. Ostwald v. Craver,* 272 A.D. 181, 70 N.Y.S.2d 513, 514–15 (N.Y.App.Div.1947); *Gaona v. State,* 733 S.W.2d 611, 617–18 (Tex.App.1987); *State v. Wyss,* 124 Wis.2d 681, 370 N.W.2d 745, 762–63 (1985).

**4.** The defendant's reliance on *State v. Huerta,* 175 Ariz. 262, 855 P.2d 776 (1993), is unpersuasive. In that case, the defendant lodged a meritorious challenge for cause, which was erroneously denied. The supreme court reversed because the defendant was forced to use a peremptory challenge to correct the trial court's error. There was no reason to consider whether the trial court should have removed the juror on its own motion, nor whether its failure to do so would constitute fundamental error.

and the verdict is not void for want of power to render it." Arizona cases similarly do not identify fundamental error under comparable circumstances. *E.g., Marcham,* 160 Ariz. at 55, 770 P.2d at 359 ("The trial court's failure to *sua sponte* disqualify a deaf juror assisted by a translator, when there was no evidence to suggest that the juror was unable to understand the proceedings, did not constitute fundamental error."); *Bravo,* 131 Ariz. at 169–71, 639 P.2d at 359–61 (finding no error when defendant failed to object to two veniremembers whose responses during voir dire indicated they could not be fair and impartial, then used two peremptory challenges to remove them). We conclude that it was not fundamental error for the court to fail to act *sua sponte* to remove G. from the venire. Thus, the defendant was not penalized in the number of peremptory challenges afforded her.

### CONCLUSION

¶ 12 The defendant's conviction and sentence are affirmed.

FIDEL, P.J., and THOMPSON, JJ., concur.