IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2007-0020 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| SERGIO ALONZO RUBIO, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20061275

Honorable Howard Hantman, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani, Eric J. Olsson, and Robert J. Gorman               Tucson
                                                    Attorneys for Appellee

Law Office of David Alan Darby, Esq.
  By David Alan Darby                                         Tucson
                                                    Attorney for Appellant

H O W A R D, Presiding Judge.

**¶1** After a jury trial, appellant Sergio Rubio was convicted of several offenses including armed robbery, aggravated assault, and unlawful use of a means of transportation.

The trial court sentenced him to concurrent prison terms, the longest of which is 10.5 years. All charges stemmed from a carjacking that Rubio committed at gunpoint. On appeal, Rubio claims the trial court erred by rejecting a proposed plea agreement, failing to strike a juror, and denying Rubio's motion for a judgment of acquittal. Because Rubio failed to preserve the juror issue for appellate review and the trial court did not err or abuse its discretion on the other issues, we affirm.

### Rejection of the Plea Agreement

¶2        Rubio first argues the trial court erred by adding a procedural hurdle and rejecting a proposed plea agreement as untimely. We review the rejection of a plea agreement for an abuse of the trial court's discretion. *See Espinoza v. Martin*, 182 Ariz. 145, 147, 894 P.2d 688, 690 (1995). As Rubio notes,

> (1) there is a right to negotiate a plea, if the parties so choose, and (2) a trial judge may not add procedural hurdles to the exercise of that right that (3) serve as a basis for the trial judge to forego exercising individualized consideration on the merits of the negotiated plea in determining whether to accept or reject it.

*State v. Darelli*, 205 Ariz. 458, ¶ 14, 72 P.3d 1277, 1281 (App. 2003).

¶3        But the record demonstrates that the trial court did not reject the plea based on any procedural hurdle. The court extensively discussed with counsel the grand jury transcript, Rubio's prior record—which included a similar crime of unlawful use of a means of transportation—and the danger Rubio's actions posed to the community. When the prosecutor stated his opinion that the court was rejecting the plea out of frustration with its timing, the court specifically refuted that suggestion. Because the court rejected the plea

2

based expressly on an "individualized consideration on the merits of the negotiated plea," and not on timeliness grounds, it did not impose a procedural hurdle and did not abuse its discretion. *Id*.

### Denial of Request to Strike a Juror for Cause

**¶4** Rubio next argues the trial court erred by failing to remove a prospective juror for cause. He asked the court to strike a juror who worked at the Pima County Attorney's Office, but the court refused. Subsequently, Rubio used the six peremptory strikes permitted by Rule 18.4(c), Ariz. R. Crim. P., on other jurors whom he had not attempted to strike for cause but advised the court he still objected to the challenged juror sitting on his trial. He now claims the juror's service on the case created a presumption of bias and an appearance of impropriety.

**¶5** Relying in part on *State v. Hickman*, 205 Ariz. 192, 68 P.3d 418 (2003), the state contends that Rubio waived this argument by failing to use a peremptory strike to remove the juror. In *Hickman*, the supreme court overturned the automatic-reversal rule in *State v. Huerta*, 175 Ariz. 262, 855 P.2d 776 (1993), and held a defendant's curative use of a peremptory strike to remove a prospective juror who should have been stricken for cause is subject to harmless error review. *Hickman*, 205 Ariz. 192, ¶¶ 20-21, 39, 68 P.3d at 422, 427. In doing so, it relied on two United States Supreme Court cases. *Id.* The first was *Ross v. Oklahoma*, 487 U.S. 81, 88-89 (1988), in which the Supreme Court held that the Sixth and Fourteenth Amendments were not violated when state law required a defendant to use a peremptory strike to cure a trial court's erroneous denial of a challenge for cause. The

second was *United States v. Martinez-Salazar*, 528 U.S. 304, 307, 317 (2000), in which the Supreme Court held a defendant's use of a peremptory strike to remove a juror who should have been removed for cause does not violate any "rule-based or constitutional right." It noted that peremptory strikes were "auxiliary" and "not of federal constitutional dimension." *Id.* at 311.[1]

¶6        The court in *Hickman* concluded by stating the defendant had not exhausted his peremptory challenges and, therefore, "an objectionable juror was not forced upon him." 205 Ariz. 192, ¶ 41, 68 P.3d at 427. Although it did not define "objectionable juror," a majority of the jurisdictions it cited as having rejected the automatic-reversal rule require a showing that the remaining juror was biased or incompetent and subject to a challenge for cause. *Id.* ¶ 8.[2] The jury that decided Hickman's case was fair and impartial and therefore he did not show prejudice. *Id.* ¶ 41.

---

[1] In dicta, however, the Supreme Court further stated that, under federal law, Martinez-Salazar was not required to use his peremptory strikes curatively and could have allowed the challenged juror to remain on the case and preserved the issue for appeal. *Martinez-Salazar*, 528 U.S. at 314-15. Two justices asserted that the majority should not have reached the issue and that waiver could apply. *Id.* at 318. In any event, we are not bound by a decision that is based on federal procedural law. *See Ross*, 487 U.S. at 89-90 (purpose and manner of exercise of peremptory strikes subject to state law).

[2] *See, e.g., Pickens v. State*, 783 S.W.2d 341, 345 (Ark. 1990); *State v. Graham*, 780 P.2d 1103, 1108 (Haw. 1989); *People v. Gleash*, 568 N.E.2d 348, 353-54 (Ill. App. Ct. 1991); *Williams v. Commonwealth*, 829 S.W.2d 942, 943 (Ky. Ct. App. 1992); *Mettetal v. State*, 602 So. 2d 864, 869 (Miss. 1992); *State v. DiFrisco*, 645 A.2d 734, 751-54 (N.J. 1994); *State v. Tranby*, 437 N.W.2d 817, 824-25 (N.D. 1989); *State v. Broom*, 533 N.E.2d 682, 695 (Ohio 1988); *State v. Middlebrooks*, 840 S.W.2d 317, 329 (Tenn. 1992); *State v. Menzies*, 889 P.2d 393, 398 (Utah 1994); *State v. Traylor*, 489 N.W.2d 626, 629 (Wis. Ct. App. 1992).

¶7        Because Hickman had removed the challenged juror with a peremptory strike, *id.* ¶ 3, our supreme court did not have to address the precise question presented here: whether a defendant must either use an available peremptory strike to cure the trial court's alleged error or waive the right to raise that error on appeal. But *Hickman* makes clear that the purpose of peremptory strikes is to assure a fair trial. *Id.* ¶ 40. Requiring use of an available peremptory strike to remove a juror who should have been stricken for cause is consistent with that purpose. On the other hand, if a defendant allows a biased juror not struck for cause to remain on the jury and uses his peremptory strikes on other jurors, he converts a situation that would have been harmless error at best into potentially reversible error. That approach does not further the goal of assuring a fair trial. Therefore, the cure-or-waive rule is more consistent with the principles announced in *Hickman*.

¶8        Additionally, we do have some general guidance from other Arizona authority. First, even if a prospective juror's answers show he or she cannot be fair and impartial, the defendant waives any error by failing to timely challenge that juror. *State v. Bravo*, 131 Ariz. 168, 170-71, 639 P.2d 358, 360-61 (App. 1981). Further, a defendant waives any error concerning a sleeping juror by refusing to stipulate that the juror would be excused as an alternate. *State v. Spratt*, 126 Ariz. 184, 187-88, 613 P.2d 848, 851-52 (App. 1980). Although failure to peremptorily strike an allegedly biased juror is not technically invited error, a finding of waiver is in keeping with the established principle that a defendant who causes error to be injected into a case waives any appellate review. *See State v. Logan*, 200 Ariz. 564, ¶ 9, 30 P.3d 631, 632-33 (2001).

5

**¶9** The criminal rules themselves also provide some guidance. "When there is reasonable ground to believe that a juror cannot render a fair and impartial verdict, the court, on its own initiative, or on motion of any party, shall excuse the juror from service in the case." Ariz. R. Crim. P. 18.4(b). After any unfair or impartial jurors are excused for cause, the parties are allowed to strike additional jurors for any nondiscriminatory reason. Ariz. R. Crim. P. 18.4(c), 18.5(g); *see Martinez-Salazar*, 528 U.S. at 314-15 (challenges may not be based on race, ethnic origin, or gender); *State ex rel. Romley v. Superior Court*, 181 Ariz. 271, 273, 889 P.2d 629, 631 (App. 1995) (same). As noted above, the purpose of peremptory strikes is to assure the selection of a qualified and unbiased jury. *See State v. Paris-Sheldon*, 214 Ariz. 500, ¶ 26, 154 P.3d 1046, 1055 (App. 2007); *see also Hickman*, 205 Ariz. 192, ¶ 40, 68 P.3d at 427. The rules presume that any unqualified or biased juror will be excused for cause, but they also provide another mechanism in the peremptory challenge to achieve this result. If an unqualified or biased juror remains after the for-cause challenge, that juror can be struck and an impartial jury achieved.

**¶10** Additionally, in *Hickman*, 205 Ariz. 192, ¶ 13, 68 P.3d at 421, the court cited William T. Pizzi & Morris B. Hoffman, *Jury Selection Errors on Appeal*, 38 Am. Crim. L. Rev. 1391 (2001). Although the court cited this article for a different proposition, it offers well-reasoned analysis that supports the adoption of a cure-or-waive rule. The authors observe that "by any legitimate institutional measure" defense counsel is in the best position to correct the trial court's error in denying a challenge for cause by striking the juror, thus avoiding the cost and time necessitated by a new trial. *Id.* at 1436. Further, defense counsel

6

should not be encouraged to allow a "demonstrably biased juror" to remain on the jury—deliberately exposing his or her client to the risk of an unfair trial—and then obtain a reversal if the outcome is unfavorable. *Id.* at 1404-05. The authors contend that a cure-or-waive rule "is not only compelled by the doctrines of waiver, plain error and invited error, but the contrary position encourages defense lawyers to engage in the very kinds of games playing that puts the trial system in public disrepute."[3] *Id.* at 1434.

¶11 We also find guidance in an out-of-state case, *State v. Baker*, 935 P.2d 503 (Utah 1997). In that case, the Utah Supreme Court considered the same issue that confronts us and adopted the cure-or-waive rule, requiring a defendant to use an available peremptory strike to remove an allegedly biased juror if the trial court denies the challenge. *Id.* at 505-06. Failure to do so constitutes a "tactical withdrawal of [the defendant's] objection." *Id.* at 507. The Utah court's resolution of this issue is in accord with Arizona waiver jurisprudence.

¶12 We conclude that the various rights and interests involved are better balanced by the cure-or-waive rule. *See Ross*, 487 U.S. at 88-89 (1988) (Sixth and Fourteenth Amendments not offended by rule requiring use of peremptory strikes to remove jurors erroneously not struck for cause). Under the general hierarchy of strikes contemplated by the rules, any and all unfair or biased jurors will be removed for cause. Ariz. R. Crim. P. 18.4(b). But if an error occurs in that process, the defendant should peremptorily strike a

---

[3]Nothing in this case suggests Rubio's counsel had an improper motive for not removing the juror at issue. We note only the potential for abuse in the absence of a cure-or-waive rule.

7

truly biased or unqualified juror before peremptorily striking a juror for a lesser reason not affecting his right to a fair and impartial trial. We hold, therefore, that a defendant is required to use an available peremptory strike to remove an objectionable juror whom the trial court has refused to remove for cause in order to preserve the issue for appeal.[4] Failing to do so waives any error.

¶13　　　　Rubio did not use an available peremptory strike to remove the challenged juror. Rather, he used his six strikes on jurors he did not challenge for cause. Although Rubio did not create the alleged error, he had the means and opportunity to correct it. Therefore, he has waived any error in the trial court's denial of his for-cause challenge.

**Rule 20 Motion**

¶14　　　　Rubio finally argues that the trial court erred by denying his motion for a judgment of acquittal, pursuant to Rule 20, Ariz. R. Crim. P., but he fails to specify any defect in the state's evidence. He therefore has waived this claim on appeal. Ariz. R. Crim. P. 31.13(c)(1)(vi); *State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995).

---

[4]We acknowledge, as did the majority in *Baker*, 935 P.2d at 510, a potential concern that the cure-or-waive rule could be seen as encouraging trial courts to deny such challenges more freely knowing it is incumbent on the defendants to cure any error by using their available peremptory strikes. But we are confident that Arizona's trial judges will continue to perform their duties impartially and to the best of their ability by striking any prospective juror for cause when necessary and appropriate. *See State v. Cropper*, 205 Ariz. 181, ¶ 22, 68 P.3d 407, 411 (2003) (trial judge strongly presumed to be free from bias and prejudice); *State v. Thornton*, 187 Ariz. 325, 330, 929 P.2d 676, 681 (1996) ("If confronted with a challenge for cause in which the facts do not clearly establish whether a prospective juror should be removed, the better practice will be to resolve doubt in favor of disqualification.").

¶15　　　Moreover, according to the statement of facts in Rubio's own brief, he was identified by the victim and another witness, and the evidence Rubio cites overwhelmingly supports the convictions. *See State v. Hall*, 204 Ariz. 442, ¶ 49, 65 P.3d 90, 102 (2003) (Rule 20 motion granted only when no substantial evidence presented).

**Conclusion**

¶16　　　In light of the foregoing, Rubio's convictions and sentences are affirmed.


_____
JOSEPH W. HOWARD, Presiding Judge


CONCURRING:


_____
JOHN PELANDER, Chief Judge


_____
J. WILLIAM BRAMMER, JR., Judge