NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILLIP GREGORY SPEERS, | No. 23-15533 |
| Petitioner-Appellant, | D.C. No. 2:22-cv-00172-JAT |
| v. | |
| RYAN THORNELL, Director, Department of Corrections, Rehabilitation and Reentry for the State of Arizona; MARK BRNOVICH, Attorney General, Arizona, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted October 21, 2025**
Phoenix, Arizona

Before: TALLMAN, BADE, and LEE, Circuit Judges.

Phillip Speers appeals the district court's denial of habeas relief under

28 U.S.C. § 2254. Speers was convicted in Arizona state court of two counts of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

child molestation.  During voir dire, a prospective juror failed to disclose that her grandfather had molested her as a child.  She was not challenged and was seated on the jury.  Speers argues that his trial counsel was ineffective for failing to identify this nondisclosure as an independent basis for relief in her motion for a new trial.  Because the parties are familiar with the facts, we do not recount more here.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's decision denying habeas relief.  *Avena v. Chappell*, 932 F.3d 1237, 1247 (9th Cir. 2019).  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), habeas relief may not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  We apply AEDPA's standards to "the state court's last reasoned decision on the claim," which in this case was the Arizona Court of Appeals' decision in 2020.  *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (citation modified).

1.      The Arizona Court of Appeals' conclusion that trial counsel's performance did not prejudice Speers was a reasonable application of clearly

2

established federal law. To support an ineffective assistance claim based on allegedly deficient motions practice, Speers must prove that (1) the motion he wishes trial counsel had filed was meritorious and (2) there is a reasonable probability that the result of the proceeding would have been different had his preferred motion been filed. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Strickland v. Washington*, 466 U.S. 668, 694 (1984). He cannot do so because his preferred motion was meritless under both federal and state law.

As for federal law, Speers argues that the juror's nondisclosure suggests that she was biased against him as described in *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984).[1] *McDonough* bias exists when "the juror's voir dire responses were dishonest, rather than merely mistaken" and the juror's "reasons for making the dishonest response call her impartiality into question." *Pope v. Man-Data, Inc.*, 209 F.3d 1161, 1164 (9th Cir. 2000). While Speers repeatedly characterizes the juror's nondisclosure as a lie, the Arizona trial court disagreed. After the juror testified at a post-conviction evidentiary hearing, the trial court found that (1) she was reasonably confused about whether her childhood experience made her a victim of a crime, and (2) she neither perjured herself nor

---

[1] While he discusses both actual and implied bias in his opening brief, Speers relies solely on his counsel's failure to allege *McDonough* bias as a basis for a new trial. We follow his lead and address only *McDonough* bias.

willfully failed to respond to a voir dire question.[2]  Because the juror was not dishonest during voir dire, no basis existed for a *McDonough* challenge and Speers's preferred motion was meritless.

Nor did Speers's preferred motion have merit under Arizona law because he waived the argument.  The jury questionnaire asked if the jurors could be fair and impartial in a trial involving allegations of sexual conduct with a child.  The juror answered, "Yes, will be hard."  But during voir dire, she repeatedly affirmed that it would not be hard for her to be fair and impartial.  Speers, who represented himself during voir dire, never followed up on the inconsistency between the juror's answers on the questionnaire and during voir dire.  Under Arizona law, his failure to question the juror about the inconsistency waived the argument because she did not hide information "by misleading or false answers."  *Vincent v. Smith*, 114 P. 557, 557 (Ariz. 1911).  Because Speers waived the argument, his preferred motion also lacked merit under Arizona law.

2.      Nor was the Arizona Court of Appeals' conclusion that trial counsel's performance did not prejudice Speers based on an unreasonable determination of the facts.  "A state-court decision will not be overturned on factual grounds unless

---

[2] "Whether a juror is dishonest is a question of fact."  *Fields v. Brown*, 503 F.3d 755, 767 (9th Cir. 2007) (en banc).  This factual determination "made by a State court" is "presumed to be correct" unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Speers has not rebutted this presumption, so we accept the trial court's finding.

*objectively* unreasonable in light of the evidence presented in the state-court proceeding." *Loher v. Thomas*, 825 F.3d 1103, 1112 (9th Cir. 2016) (citation modified).

During the post-conviction evidentiary hearing, the juror explained that her childhood molestation had been handled differently than when her husband abused her as an adult. The abuse was reported to the police, who arrested her husband and advised her of her rights as a victim. In contrast, the molestation was never reported to the police, her grandfather was never arrested, and she was never advised of her victim's rights. The trial court determined that she was simply confused about what it meant to be a victim of a crime. The Arizona Court of Appeals seemingly accepted this finding, as it "view[ed] the facts in the light most favorable to sustaining the lower court's ruling."

While Speers may think the juror's explanation "strains credulity," the Supreme Court recognizes that jurors "may be uncertain as to the meaning of terms which are relatively easily understood by lawyers and judges." *McDonough*, 464 U.S. at 555. It was reasonable for the trial court to find, based on her testimony, that this juror fell into that category and was simply confused about what it meant to be a victim of a crime.[3]

---

[3] We deny Speers's three motions for judicial notice of nine categories of documents from the state court proceedings. Dkt. Nos. 17, 18, 21. We have

5

**AFFIRMED.**

reviewed them and conclude they are unnecessary and irrelevant to the issue we address here.