[No. 29274-6-III.   Division Three.   January 24, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. MARION SIMONE CLEARY, *Appellant*.

44

*Susan M. Gasch* (of *Gasch Law Office*), for appellant.

*D. Angus Lee, Prosecuting Attorney*, and *Carole L. Highland, Deputy*, for respondent.

¶1 SWEENEY, J. — A Grant County jury questionnaire asked jurors if they were under Department of Corrections supervision rather than if they had had their civil rights

restored. Having civil rights restored is a statutory prerequisite to serving on a jury in Washington. The court discovered the problem before the jurors were seated and began to hear the case. The court invited the parties to inquire further, and both the State and the defendant declined. Neither party objected to the jury selection procedure or to the selection of a juror with a felony conviction. We conclude that there is no constitutional error here that would require us to review a challenge to seating the juror, and we further conclude that any error, even assuming error, was invited. We therefore affirm the convictions for third degree assault of a law enforcement officer and obstructing a law enforcement officer.

## FACTS

¶2 The charges in this case arise out of altercations between Marion Simone Cleary and others at a tavern in Grand Coulee, Washington. Ms. Cleary was a bartender at the tavern. She was cleaning the tavern after it had closed. Ella Hale, a tavern employee, helped her. The women got into an altercation, Ms. Hale called 911, and Officers Sean Cook and Adam Hunt responded. Ms. Cleary kicked Officer Cook when he tried to take her hands from her pockets. The State charged Ms. Cleary with unlawful imprisonment, fourth degree assault, intimidating a public servant, third degree assault of a law enforcement officer, and obstructing a law enforcement officer based on her conduct that night.

¶3 The matter proceeded to jury trial. Each prospective juror filled out a questionnaire that asked if he or she had been convicted of a felony, and if a juror answered "yes," that juror was then asked if he or she is supervised by the Department of Corrections (DOC). Jurors 4, 7, and 28 responded that they had been convicted of a felony. The State asked the court if it should ask these jurors whether their civil rights had been restored. The court stated that it would call those jurors into the courtroom individually and ask.

¶4 The court discussed the matter further with counsel after a recess. The court explained that RCW 2.36.070 provides that felons who have not had their civil rights restored are incompetent to serve as jurors. The court said the county clerk recently changed the juror questionnaire to ask whether the juror was supervised by DOC. The court also advised the parties that Grant County gets the names of all of its potential jurors from the voter rolls. Based on that, the court asked counsel, "Are you both all right with that inquiry? Are you under DOC supervision?" Report of Proceedings (RP) at 14. Both counsel replied, "That's fine." RP at 14.

¶5 The court then asked, "Do you still want to bring in those three jurors and ask them that real quickly?" RP at 15. The State responded that "[i]t might be more prudent to do so." RP at 15. The court called Juror 4 into the courtroom. The juror told the court that he marked the "yes" box by mistake and that he had not been convicted of a felony. RP at 16-17. After interviewing Juror 4, the court decided, and counsel agreed, that it was not necessary to interview Jurors 28 and 7:

> THE COURT: Counsel, I think we can accept [Juror 28's and Juror 7's] answers on that and we don't need to ask further if they've checked off the box no for under DOC supervision.
>
> . . . .
>
> So I just don't see the need to bring them in, unless you want to follow up with anything.
>
> All right. Are you ready to call in the jury, then, Counsel? Is that all right with you?
>
> [DEFENSE COUNSEL]: Yes, your Honor.
>
> THE STATE: Yes, your Honor.

RP at 18-19.

¶6 The jury convicted Ms. Cleary of third degree assault of a law enforcement officer and obstructing a law enforcement officer.

## DISCUSSION

¶7 Ms. Cleary contends for the first time on appeal that she is entitled to a new trial because there is no affirmative showing that Juror 7 had his civil rights restored and this showing is required by statute (RCW 2.36.070). The State responds that Ms. Cleary fails to show that Juror 7's civil rights have not been restored. And, moreover, Ms. Cleary can and did waive any right to challenge by not challenging the juror for cause when she was given that opportunity.

¶8 First, absent some manifest constitutional error, an appellant must object to or challenge a ruling in the trial court to preserve any error for appeal. RAP 2.5(a); *State v. O'Hara*, 167 Wn.2d 91, 97-98, 217 P.3d 756 (2009). Generally, claims of error not raised at trial will not be reviewed on appeal. *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988).

¶9 Ms. Cleary asserts that she is entitled to a new trial because the jury selection process materially departed from the process required by statute. But she did not complain about the process in the trial court, where something could have been done about it.

¶10 By statute in this state, a person is not competent to serve on a jury if he has been convicted of a felony and has not had his civil rights restored. RCW 2.36.070(5). Here, prospective jurors who had committed felonies were asked not whether their civil rights were restored, but rather whether they were supervised by DOC.

¶11 Ms. Cleary presumes that the error here is related to the guaranty of an impartial jury. Br. of Appellant at 3-4. And certainly, both the Sixth Amendment to the United States Constitution and Washington State Constitution article I, section 22 guarantee criminal defendants an impartial jury. *State v. Nemitz*, 105 Wn. App. 205, 210, 19 P.3d 480 (2001). Ms. Cleary does not explain how empanelling Juror 7 departed from this constitutional protection.

¶12 Federal courts have concluded that a simple showing that a juror is incompetent does not implicate a constitutional right. *See Kohl v. Lehlback*, 160 U.S. 293, 16 S. Ct. 304, 40 L. Ed. 432 (1895) (concluding that violation of statute prohibiting aliens from serving on juries did not violate the Fourteenth Amendment's due process clause); *Raub v. Carpenter*, 187 U.S. 159, 162-64, 23 S. Ct. 72, 47 L. Ed. 119 (1902) (treating a motion for new trial like any other untimely motion when it is based on the defendant's discovery that a juror was a minor and had been convicted of several crimes); *Coleman v. Calderon*, 150 F.3d 1105, 1117 (9th Cir. 1998) (concluding that a felon serving on a jury in violation of state statute did not violate Sixth Amendment or the Fourteenth Amendment due process clause), *rev'd on other grounds*, 525 U.S. 141, 119 S. Ct. 500, 142 L. Ed. 2d 521 (1998); *United States v. Uribe*, 890 F.2d 554, 562 (1st Cir. 1989) ("the statutory violation—allowing a convicted felon to serve—did not implicate the fundamental fairness of the trial or the defendants' constitutional rights"); *United States v. Humphreys*, 982 F.2d 254, 261 (8th Cir. 1992) (" 'The Sixth Amendment right to an impartial jury does not require an absolute bar on felon-jurors. . . . [T]he guarantee of an impartial jury [protects] against juror bias. A per se rule would be appropriate only if one could reasonably conclude that felons are always biased against one party or another.' " (quoting *United States v. Boney*, 298 U.S. App. D.C. 149, 158, 977 F.2d 624 (1992))); *Boney*, 298 U.S. App. D.C. at 158 (concluding that "[t]he Sixth Amendment right to an impartial jury . . . does not require an *absolute bar* on felon-jurors" but remanding to determine whether felon-juror was biased because felon-juror falsely answered jury questionnaire). We conclude on this authority that no constitutional right is implicated here, even assuming Juror 7 was unqualified to serve as a juror by RCW 2.36.070. The disqualification criterion here is by statute, not the state or federal constitutions. The assignment of error does not then implicate constitutional rights.

¶13 Nor is an error here apparently manifest. We cannot conclude that Juror 7 was unqualified based on this record. It does not show whether Juror 7 was actually unqualified. Although voir dire was not included in this record, it appears that Juror 7 was not challenged for cause and neither party used a peremptory challenge to strike Juror 7. The trial transcripts also show nothing about Juror 7 other than the jury's verdict being that of Juror 7. We then conclude that this is not manifest constitutional error that we must address here in the first instance.

¶14 Moreover, any error, even assuming error, was invited here. *In re Pers. Restraint of Call*, 144 Wn.2d 315, 328, 28 P.3d 709 (2001). The court explained the reasoning behind the jury questionnaire's wording, and counsel for Ms. Cleary responded, "That's fine, your Honor." RP at 14. Soon after the court said that it did not "see the need to bring [Juror 28 and Juror 7] in, unless you want to follow up with anything. All right. Are you ready to call in the jury, then, Counsel? Is that all right with you?" RP at 19. Ms. Cleary's counsel said, "Yes, your Honor." RP at 19. The court asked whether counsel wanted to address the issue with Juror 7, and counsel declined.

¶15 We affirm the convictions.

¶16 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

BROWN and SIDDOWAY, JJ., concur.