

2016 FEB 29  AM 8:5

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72840-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JESSE AARON GRIENER-JACOBSEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: February 29, 2016 |
| | ) | |

BECKER, J. — Appellant Jesse Griener-Jacobsen was charged with one count of felony harassment. In a juror information sheet and during voir dire, juror 6 disclosed that he had been convicted of a felony some three years earlier. Juror 6 was seated. The jury convicted Griener-Jacobsen as charged. We affirm the trial court order denying Griener-Jacobsen's motion for a new trial.

Griener-Jacobsen moved for a new trial on the basis that juror 6 was incompetent to serve as a juror because of his felony conviction. On appeal, his single assignment of error is that he "was denied his statutory right to be tried by 12 competent jurors."

Where there is material departure from the statutes that govern jury selection, prejudice will be presumed. State v. Tingdale, 117 Wn.2d 595, 600, 817 P.2d 850 (1991). Griener-Jacobson argues that the jury selection process

materially departed from the statute that sets forth the attributes that make a prospective juror incompetent to serve:

> A person shall be competent to serve as a juror in the state of Washington unless that person:
> (1) Is less than eighteen years of age;
> (2) Is not a citizen of the United States;
> (3) Is not a resident of the county in which he or she has been summoned to serve;
> (4) Is not able to communicate in the English language; or
> (5) Has been convicted of a felony and has not had his or her civil rights restored.

RCW 2.36.070. Under RCW 2.36.070(5), a jury with a prior felony is incompetent to serve unless he has had his civil rights restored.

A Washington felon's right to vote is restored automatically once he or she is no longer under the supervision of the Department of Corrections. RCW 29A.08.520(1). A Washington felon who has completed all requirements of his or her sentence, including payment of legal financial obligations, is entitled to receive from the sentencing court a certificate of discharge that restores to the offender all civil rights not already restored by RCW 29A.08.520(1). RCW 9.94A.637(5).

It came to light after the trial that juror 6 had not received a certificate of discharge restoring his civil rights, although it appears he was entitled to one. Griener-Jacobsen claims prejudice is presumed under Tingdale.

In Tingdale, the flaw in the juror selection process was that the court allowed the clerk to excuse potential jurors who the clerk knew to be acquainted with the defendant. The defendant objected to this procedure, but the court declined to provide a remedy. The Supreme Court reversed, based on the trial

2

court's failure to comply with statutes that govern the jury selection process, including provisions designed to preserve the element of chance in jury selection. "A randomly selected jury is a right provided by statute and is based on the Legislature's policy of providing an impartial jury." Tingdale, 117 Wn.2d at 600.

Here, Griener-Jacobsen does not identify a material flaw in the jury selection process. His complaint has to do with a fact about a particular juror, a fact that was fully disclosed before the juror was seated. Griener-Jacobsen knew juror 6 had a prior felony conviction, and he had ample opportunity to inquire whether juror 6 had received a certificate of discharge restoring his civil rights. The fact that counsel made no such inquiry during voir dire does not lead to a conclusion that the trial court committed error during the jury selection process. Griener-Jacobson cites no authority indicating that a trial court must act sua sponte to assure that none of the seated jurors are incompetent under RCW 2.36.070. Because Tingdale is concerned with the fairness of the jury selection process, not the attributes of particular jurors who remain on the jury after a fair jury selection process, it does not support a presumption of prejudice in this case.

Griener-Jacobson's position is that a new trial must automatically be granted whenever a jury that brings in a guilty verdict includes a former felon whose civil rights have not been restored. He does not cite authority indicating that the impartiality of a jury is necessarily undermined, or that reversal is automatically required, merely because such a person is seated on a jury. No constitutional right is implicated by a showing that a juror does not satisfy a

3

statutory requirement for juror competency. State v. Cleary, 166 Wn. App. 43, 47, 269 P.3d 367 (2012).

Griener-Jacobsen had an opportunity to ask to have juror 6 excused for cause on the ground that the prior conviction rendered juror 6 incompetent under RCW 2.36.070(5) unless his civil rights have been officially restored. Griener-Jacobsen had the further opportunity during voir dire to ask juror 6 whether his civil rights had been restored. Griener-Jacobsen did not raise any issue regarding the felony conviction until after the trial, perhaps because he wanted juror 6 to serve on the jury. By waiting until after the guilty verdict to object to juror 6, Griener-Jacobsen waived the objection. See State v. Clark, 34 Wash. 485, 491, 76 P. 98 (1904) ("The statute relating to the examination is simply declaratory of the rights of the plaintiff and of the defendant. Either may waive his right to qualify or disqualify the jurors.")

The trial court did not err in denying the motion for a new trial.

Affirmed.

Becker, J.

WE CONCUR:

Dwyer, J.

Cox, J.

4